DOCKET NO.

# 22-2854

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

**UCHECHUKWU EGBUJO,**

Plaintiff/Appellant,

-v.-

**JACKSON LEWIS, P.C.,**

Defendant/Appellee.

---

On Appeal From The
United States District Court, District Of Connecticut
U.S. District Court Case No. 3:21-CV-01450-KAD

---

## BRIEF CPF 'CRRGP FKZ 'OF PLAINTIFF-APPELLANT

---

**APPEARANCES:**

Clifford Thier, Esq.
Thier Law Offices, LLC
1007 Farmington Avenue
West Hartford, CT 06107
Telephone: 860-236-2600
Facsimile: 860-231-1052
Email: cliffthier@thierlaw.com
**Attorney for Plaintiff-Appellant**

James F. Shea, Esq.
Jackson Lewis, P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Telephone: 860-522-0404
Facsimile: 860-247-0330
Email: James.Shea@jacksonlewis.com
**Attorney for Defendant-Appellee**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................i

TABLE OF AUTHORITIES ................................ iii

STATEMENT OF JURISDICTION ......................1

STATEMENT OF ISSUES ...................................2

STATEMENT OF THE CASE ...............................3

SUMMARY OF ARGUMENT ...........................11

ARGUMENT ....................................................12

    A. The District Court Failed To Address Or Refute Several
       Of Dr. Egbujo's Grounds For Opposing Dismissal,
       And Such Grounds Remain Valid............................12

       1. The Amended Complaint sufficiently alleges republication
          of defamatory statements to third-party employees...........................13

       2. The Amended Complaint sufficiently alleges republication
          of defamatory statements to Dr. Egbujo's counsel, who is
          treated as a third party because he is not alleged to have
          represented Dr. Egbujo in the underlying matter................................15

       3. The Amended Complaint cannot be dismissed based on
          the alleged existence of qualified or absolute privileges,
          which must be pleaded in an Answer .................................17

    B. The District Court's Main Rationale For Dismissal Is
       Mistaken And Unsupported By Applicable Law......................19

i

CONCLUSION ....................................................................22

CERTIFICATE OF COMPLIANCE ....................................................23

CERTIFICATE OF SERVICE..........................................................23

APPENDIX ......................................................................24

    Civil Docket ...............................................................25

    Doc. No. 40  Notice of Appeal....................................................33

    Doc. No. 21  AMENDED COMPLAINT ....................................................34

    Doc. No. 23  MOTION to Dismiss Amended Complaint............................39

    Doc. No. 24  Memorandum in Support re Motion To Dismiss
                        Amended Complaint ...............................................42

    Doc. No. 25   First Memorandum in Opposition re Motion To Dismiss
                        Amended Complaint ...............................................54

    Doc. No. 28  REPLY to Response to 23 MOTION to Dismiss
                        *Amended Complaint* ...............................................65

    Doc. No. 29  First MOTION for Leave to File *Sur-Reply Addressing
                        Errors and Distortions in Defendant's Reply in
                        Support of Motion to Dismiss Amended Complaint*...............74

    Doc. No. 31  First RESPONSE (Sur-Reply) re 28 Reply to Response to
                        Motion *to Dismiss* ...............................................79

    Doc. No. 32  MOTION for Leave to File *Sur-Sur-Reply Brief in Further
                        Support of Motion To Dismiss Amended Complaint*..............85

    Doc. No. 34  RESPONSE re 31 Response *Regarding Motion To Dismiss
                        Amended Complaint* ...............................................92

    Doc. No. 39  ORDER granting 23 Motion To Dismiss ...............................95

# TABLE OF AUTHORITIES

Page

## CASES

*Ackerman v. Sobol Family P'ship, LLP*,
    298 Conn. 495, 4 A.3d 288 (2010)...........................................................16

*Allder v. American Airlines, Inc.*,
    No. H 81-915, 1982 U.S. Dist. LEXIS 14613
    (D. Conn. Aug. 24, 2018).............................................................................14

*Anderson Trucking Serv. v. Eagle Underwriting Grp., Inc.*,
    No. 3:17-CV-000817 (CSH), 2018 U.S. Dist. LEXIS 11841
    (D. Conn. Jan. 25, 2018) ..............................................................................15

*Cweklinsky v. Mobil Chem. Co.*,
    267 Conn. 210 (2004) ...................................................................................17

*Davis v. Progressive Universal Ins. Co.*,
    No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534
    (D. Or. Oct. 13, 2020) ...................................................................................16

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*,
    343 F.3d 189 (2d Cir. 2003)......................................................................2, 12

*Hoch v. Loren*,
    273 So. 3d 56 (Fla. 4th DCA 2019) ........................................................19, 20

*Kopperl v. Bain*,
    No. 3:09-CV-1754 (CSH), 2010 U.S. Dist. LEXIS 89195
    (D. Conn. Aug. 30, 2010).............................................................................20

*Morron v. City of Middletown*,
    464 F. Supp. 2d 111 (D. Conn. 2006) ..........................................................18

*Snyder v. AG Trucking*,
　　57 F.3d 484 (6th Cir. 1995) ........................................................16

*Stevens v. Helming*,
　　No. NNHCV116019393S, 2012 Conn. Super. LEXIS 438
　　(Feb. 10, 2012) ...........................................................................18

*United Rentals, Inc. v. Wilper*,
　　No. 3:21-cv-01445 (VLB), 2022 U.S. Dist. LEXIS 163400
　　(D. Conn. Sep. 9, 2022) ..............................................................20

*Wilson v. City of New Haven*,
　　NNHCV106010876, 2017 WL 2111375
　　(Conn. Super. Ct. Apr. 19, 2017) ...............................................17

**RULES AND STATUTES**

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1332 ....................................................................................1

28 U.S.C. § 1441 ....................................................................................1

28 U.S.C. § 1446 ....................................................................................1

Fed. R. App. P. 4(a)(1)(A) ......................................................................1

Fed. R. App. P. 32 ................................................................................23

Fed. R. Civ. P. 12(b)(6) .................................................................4, 6, 20

Fed. R. Civ. P. 15(a)(1)(B) .....................................................................4

**MISCELLANEOUS**

Deborah A. DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301 (1998) ........17

# STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Defendant/Appellee, Jackson Lewis, P.C. ("Jackson Lewis"), filed a Notice of Removal from Connecticut state court on the basis of diversity of citizenship. At the time of filing, Plaintiff/Appellant, Uchechukwu Egbujo ("Dr. Egbujo"), lived in South Carolina, and Jackson Lewis was headquartered in New York. Doc. No. 1.

The judgment from which Dr. Egbujo appeals is final because it resolves all claims in controversy. Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

The date of the entry of judgment from which Dr. Egbujo appeals was September 29, 2022. Doc. No. 39. Dr. Egbujo filed his notice of appeal on October 28, 2022. Doc. No. 40. The appeal was timely filed under Fed. R. App. P. 4(a)(1)(A) as it was filed within 30 days of the entry of judgment.

## STATEMENT OF ISSUES

Whether Dr. Egbujo's Amended Complaint should have been dismissed for failure to state a cause of action for defamation. The Amended Complaint alleges that law firm Jackson Lewis—hired by Norwalk Hospital to investigate allegations against Hospital employee Dr. Egbujo—republished defamatory statements about Dr. Egbujo not only to Norwalk Hospital but also to other parties such as Norwalk Hospital's employees and Dr. Egbujo's present counsel.

A District Court's dismissal of a complaint for failure to state a cause of action is reviewed de novo. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 194 (2d Cir. 2003).

**STATEMENT OF THE CASE**

This case is about the District Court's dismissal of Dr. Egbujo's Amended Complaint, which stems from a human resources investigation performed by law firm Jackson Lewis at the request of Dr. Egbujo's employer, Norwalk Hospital ("Hospital"). The Amended Complaint alleges that Jackson Lewis received a number of false, defamatory statements about Dr. Egbujo, and that Jackson Lewis republished those statements to the Hospital, the Hospital's employees, and Dr. Egbujo's present counsel, thereby harming Dr. Egbujo's reputation and entitling him to compensatory and punitive damages.

The District Court dismissed the Amended Complaint for failure to state a cause of action, focusing almost entirely on whether publication of the statements to the Hospital amounts to defamation. Dr. Egbujo asserts that dismissal was erroneous because the District Court failed to address or refute his other opposition arguments, which are valid and concern the alleged publication of defamatory statements to parties other than the Hospital. The District Court's stated rationale for dismissal is also not justified by applicable law.

**A.     Procedural History Until The Amended Complaint**

On October 29, 2021, Jackson Lewis filed a Notice of Removal with the District Court regarding the Complaint for defamation that Dr. Egbujo had filed in Connecticut state court. Doc. No. 1. The basis for removal was diversity of

citizenship between the parties and the amount placed in controversy by the Complaint, which exceeded $75,000. Doc. No. 1.

On December 20, 2021, Jackson Lewis filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a cause of action. Doc. No. 20.

On January 7, 2022, Dr. Egbujo filed an Amended Complaint as a matter of right per Fed. R. Civ. P. 15(a)(1)(B). Doc. No. 21.

## B.     The Amended Complaint

The Amended Complaint asserts a single claim against Jackson Lewis for defamation and seeks compensatory and punitive damages. The seven most pertinent allegations supporting the claim are as follows:

1.    Dr. Egbujo was a medical resident at the Hospital when he was accused of sexual assault by another medical resident ("accuser"). Doc. No. 21 at ¶ 5.

2.    The Hospital hired Jackson Lewis to investigate the accusations, which Jackson Lewis did by assigning two employees to interview the accuser, Dr. Egbujo, and other Hospital employees. Doc. No. 21 at ¶¶ 7-9.

3.    During those interviews, the investigators heard several defamatory statements about Black males from Nigeria (when speaking about Dr.

4

Egbujo) that are detailed in the Amended Complaint. Doc. No. 21 at ¶ 10.

4. Despite having no reason to believe the truth of these defamatory statements, and despite making no effort to determine their truth, the investigators republished those statements several times to the Hospital, the Hospital's employees, and Dr. Egbujo's current attorney. Doc. No. 21 at ¶¶ 12-16.

5. Dr. Egbujo has reason to believe that the defamatory statements were received by other third persons—persons other than the Hospital, the Hospital's employees, and his current attorney—and he will identify those third persons during discovery. Doc. No. 21 at ¶ 16.

6. The defamatory statements about Dr. Egbujo were false; they charged improper conduct or lack of integrity in his profession; they exposed him to contempt, hatred, ridicule, aversion, disgrace, and his colleagues' reluctance to work with him; and they were not made within or in connection with a judicial proceeding. Doc. No. 21 at ¶ 17.

7. Because of Jackson Lewis's republication of the defamatory statements, Dr. Egbujo has suffered harm to his reputation and to his ability to pursue his desired career path. Those harms resulted and will

continue to result in his earning a lower salary than if he was able to specialize in his chosen medical area. Doc. No. 21 at ¶ 18.

## C. Jackson Lewis's Motion To Dismiss The Amended Complaint

On January 21, 2022, Jackson Lewis filed a new motion and accompanying memorandum of law under Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for failure to state a cause of action. Doc. Nos. 23, 24. Jackson Lewis made two overarching arguments.

First, Jackson Lewis argued that there was no "publication" for purposes of a defamation claim because the alleged act of sharing statements with its own client (the Hospital) or with Plaintiff's attorney does not constitute publication to a third party.

Second, Jackson Lewis argued that even if there had been publication to a third party, the statements at issue cannot trigger liability because they are subject to a qualified or absolute privilege that protects attorney-client communications.

On February 2, 2022, Dr. Egbujo opposed the Motion To Dismiss. Doc. No. 25. Dr. Egbujo made these six arguments:

1. Jackson Lewis cited no Connecticut authority holding that an attorney's sharing of defamatory statements with a client does not amount to publication to a third party. Jackson Lewis relied instead on

a decision from Florida that is not Connecticut precedent and does not justify dismissal.

2.      Alternatively, even if Jackson Lewis is correct that sharing defamatory statements with its client (the Hospital) does not constitute publication to a third party, it makes no difference because the Amended Complaint also alleges that Jackson Lewis shared defamatory statements with Hospital *employees*, who indeed are third parties and not treated as clients except under narrow circumstances not alleged here (e.g., "constituent," or managerial, employees). Dr. Egbujo cited ample case law to support this point.

3.      Also alternatively, Jackson Lewis cited no binding precedent holding that the sharing of defamatory statements with a plaintiff's attorney does not constitute publication to a third party.

4.      Additionally, even if the case law cited by Jackson Lewis concerning publication to a plaintiff's attorney were treated as binding, that case law also holds that the attorney and plaintiff will *not* be treated as a single entity unless the attorney represented the plaintiff here giving rise to the defamation claim. Since there is no such allegation in the Amended Complaint, the motion to dismiss again fails.

5.   Finally, with regard to the assertion of a qualified or absolute

     privilege, such privileges are affirmative defenses that must be

     pleaded in an answer and do not support dismissal, especially

     considering that the Amended Complaint alleges communications

     with non-clients and does not allege any communications in

     connection with a judicial proceeding.

On February 22, 2022, Jackson Lewis filed a Reply supporting its Motion To Dismiss. Doc. No. 28.

On March 7, 2022, Dr. Egbujo filed a motion for leave to file a sur-reply that attached a proposed sur-reply. Doc No. 29. The District Court granted Dr. Egbujo leave to file the sur-reply. Doc. No. 31.

In his Sur-Reply, Dr. Egbujo pointed out that Jackson Lewis's Reply impermissibly included new arguments not made in Jackson Lewis's original Motion. Dr. Egbujo further argued that Jackson Lewis had ignored or mischaracterized key aspects of the Amended Complaint, especially its allegations of publication to third parties other than the Hospital.

On March 22, 2022, Jackson Lewis filed a motion for leave to file an attached "sur-sur-reply" to Dr. Egbujo's own sur-reply. Doc. No. 32. The District Court granted Jackson Lewis leave to file the "sur-sur-reply." Doc. No. 34.

**D.    The District Court's Order Of Dismissal**

On September 29, 2022, the District Court issued an Order dismissing the Amended Complaint. Doc. No. 39.

The Order focuses almost entirely on how there can be no publication of a defamatory statement from Jackson Lewis to its client, the Hospital, because the two are treated as a single entity. The Order does not identify any Connecticut precedent on that particular point, but relies on the Florida decision cited by Jackson Lewis while also citing general case law on the nature of the attorney-client relationship.

The Order does not address Dr. Egbujo's alternative argument about the alleged publication to the Hospital's employees (who are not the client), except to assert in a footnote that the Amended Complaint's allegations are deficient because they do not identify those employees or specifically state that Jackson Lewis published the defamatory statement to them. Doc. No. 39 at 6, n.5. But the District Court is wrong.

The District Court's Order ignores the plain language of the Amended Complaint (which does allege publication to Hospital employees). Besides, case law cited in Dr. Egbujo's Sur-Reply holds that a plaintiff need not identify the third parties who received defamatory statements. *See* Doc. No. 31 at 2, 3.

The Order does not address Dr. Egbujo's alternative argument related to the alleged publication to Dr. Egbujo's current attorney, except to assert that the same general principles treating Jackson Lewis and the Hospital as a single entity require treating Dr. Egbujo and his attorney as a single entity as well. Doc. No. 39 at 8. In so asserting, the Order ignores Dr. Egbujo's point that Jackson Lewis's own cited courts hold that a defamation plaintiff is not treated as a single entity with the attorney unless the attorney had represented the plaintiff here, a situation not alleged in the Amended Complaint. Doc. No. 25 at 6, 7.

Finally, the Order does not address Dr. Egbujo's argument that any qualified or absolute privilege must be pleaded in an answer to an amended complaint rather than in a motion to dismiss. Nor does the Order explain how any such privilege is triggered by the Amended Complaint's allegations.

## SUMMARY OF ARGUMENT

The District Court committed error by dismissing the Amended Complaint, not only by failing to address or refute several of Dr. Egbujo's arguments opposing dismissal, but also by focusing on a rationale that Connecticut law does not support and that erroneously places the burden on Dr. Egbujo to resist dismissal.

First, the District Court did not address or refute Dr. Egbujo's arguments that (a) the alleged publication of defamatory statements to the Hospital's employees validates the Amended Complaint; (b) the alleged publication of defamatory statements to Dr. Egbujo's current attorney validates the Amended Complaint; and (c) any qualified or absolute privilege must be pleaded in an answer rather than in a motion to dismiss, especially considering that the Amended Complaint does not allege any facts supporting a privilege.

Second, the District Court focused on a rationale that Jackson Lewis cannot be held liable for sharing defamatory statements with its client (the Hospital), since a client supposedly is not a third party for purposes of a defamation claim against an attorney. This rationale is not stated in any Connecticut precedent but appears in a Florida court decision that is not binding in Connecticut and does not apply here. Otherwise, the District Court relies on case law discussing the nature of the attorney-client relationship but does *not* specifically hold that such a relationship alone suffices to dismiss a defamation claim.

# ARGUMENT

By dismissing the Amended Complaint for failure to state a cause of action, the District Court committed two types of error. First, the District Court glossed over or ignored several of Dr. Egbujo's (well-supported) opposition arguments. Second, the District Court focused on a dismissal rationale that is not supported by Connecticut law. Instead, the District Court drew on inferences and suppositions that place the burden on Dr. Egbujo to resist dismissal rather than on Jackson Lewis to justify it. This Court should now review de novo these errors. *See Emergent*, 343 F.3d at 194. Doing so will demonstrate that reversal and remand are necessary here.

## A.   The District Court Failed To Address Or Refute Several Of Dr. Egbujo's Grounds For Opposing Dismissal, And Such Grounds Remain Valid.

In his opposition to Jackson Lewis's Motion To Dismiss and in his Sur-Reply refuting Jackson Lewis's Motion, Dr. Egbujo offered at least three arguments that the District Court failed to address or refute. By itself, this deficiency makes the dismissal unwarranted, but it so happens that these arguments are valid and therefore demonstrate the need for this Court to reverse the District Court's Order.

1. **The Amended Complaint sufficiently alleges republication of defamatory statements to third-party employees.**

Dr. Egbujo opposed dismissal in part by explaining that the Amended Complaint alleges that Jackson Lewis republished defamatory statements to Hospital employees, who cannot be regarded as "clients" of Jackson Lewis and must be treated as third parties even if the Hospital (as client) cannot be. Doc. No. 25 at 5, 6. Dr. Egbujo also explained that the only exception to this rule is if the employees are "constituent" (that is, managerial) employees, but the Amended Complaint contains no allegations that trigger this exception or justify dismissal. Doc. No. 25 at 5, 6; Doc. No. 31 at 2

The District Court ignored this argument in its Order of Dismissal, making only a tangential reference to it in a footnote:

> [Dr. Egbujo] alleges that "[a]ccording to information and belief, other persons have seen the second report," but neither identifies those other persons nor alleges that [Jackson Lewis] published the report *to* those unidentified persons. *See* Am. Compl. ¶ 16. He also notes that he is "uncertain" if the second report was published to persons outside of Norwalk Hospital and his attorney. *Id.*

Doc. No. 39 at 6 n.5.

This passing remark by the District Court is mistaken for at least three reasons.

First, the plain language of the referenced Paragraph 16 of the Amended Complaint indicates that **Dr. Egbujo's uncertainty concerns persons other than**

13

**the Hospital, its employees, and Plaintiff's attorney**, who all allegedly received the defamatory statements: "It is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney. According to information and belief, other persons have seen the second report, and Plaintiff will identify those other persons during discovery." In light of this plain language, the District Court committed error by concluding that Dr. Egbujo "is 'uncertain' if the second report was published to persons outside of Norwalk Hospital and his attorney." But that is not entirely what Dr. Egbujo alleged.

In the second report, Dr. Egbujo stated that "[i]t is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney. **According to information and belief, other persons have seen the second report, and Plaintiff will identify those other persons during discovery.**" Doc. No. 21 at ¶ 16.

Second, there is no heightened pleading requirement that obligates Dr. Egbujo to identify the third parties who received the alleged defamatory statements, given that Rule 8 of the Federal Rules of Civil Procedure governs the pleadings in District Court and does not justify dismissal of a defamation claim for lack of such particularity. *See Allder v. American Airlines, Inc.*, No. H 81-915,

14

1982 U.S. Dist. LEXIS 14613, at *3, *4 (D. Conn. Aug. 24, 1982) (denying

dismissal of defamation claim).

Third, Dr. Egbujo explained to the District Court that Jackson Lewis was

barred from making a belated argument over the Amended Complaint's supposed

failure to identify the third parties who received the defamatory statements, since

Jackson Lewis first impermissibly made this argument against the Amended

Complaint in its Reply memorandum rather than in its Motion To Dismiss. Doc.

No. 28 at 3. By using this argument to dismiss the Amended Complaint anyway,

the District Court has ordered dismissal for a ground not legitimately raised by the

parties, which is itself improper. *See, e.g.*, *Anderson Trucking Serv. v. Eagle

Underwriting Grp., Inc.*, No. 3:17-CV-000817 (CSH), 2018 U.S. Dist. LEXIS

11841, at *8 n.3 (D. Conn. Jan. 25, 2018) (citations omitted).

In short, the Amended Complaint sufficiently alleges that Jackson Lewis

published defamatory statements about Dr. Egbujo to third-party employees of the

Hospital, making the District Court's dismissal erroneous and worthy of reversal.

**2.      The Amended Complaint sufficiently alleges republication
of defamatory statements to Dr. Egbujo's counsel, who is
treated as a third party because he is not alleged to have
represented Dr. Egbujo in the underlying matter.**

Dr. Egbujo opposed dismissal also because the Amended Complaint alleges

that Jackson Lewis republished defamatory statements to Dr. Egbujo's current

attorney, who likewise must be treated as a third party. Doc. No. 25 at 6, 7. As Dr. Egbujo explained, Jackson Lewis cited no Connecticut authority treating a plaintiff and his attorney as a single entity for purposes of a defamation claim, and the non-Connecticut authority cited by Jackson Lewis recognizes that **a plaintiff and his attorney will be treated as separate entities unless the attorney represented the plaintiff in the underlying matter**. Doc. No. 25 at 6, 7 (discussing Jackson Lewis's citations to *Snyder v. AG Trucking*, 57 F.3d 484 (6th Cir. 1995) and *Davis v. Progressive Universal Ins. Co.*, No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534 (D. Or. Oct. 13, 2020)). Since the Amended Complaint makes no allegation that Dr. Egbujo's current attorney represented him in the Hospital investigation, there is no basis for dismissal. Doc. No. 25 at 6, 7.

Once again, the District Court ignored this and concluded that Dr. Egbujo and his current attorney must be treated as a single entity, meaning that there supposedly was no publication of defamatory statements to a third party. Doc. No. 39 at 8, 9. What makes this conclusion wrong—apart from the District Court's ignoring the self-defeating *Snyder* and *Davis* decisions cited by Jackson Lewis—is that the District Court cited other authority that does not support dismissal. The District Court cited:

- two decisions that do not even deal with defamation claims. *Ackerman v. Sobol Family P'ship, LLP*, 298 Conn. 495, 509–11, 4 A.3d 288

(2010); *Wilson v. City of New Haven*, NNHCV106010876, 2017 WL 2111375 (Conn. Super. Ct. Apr. 19, 2017).

- a 24-year-old law-review article that does not analyze publication of a defamatory statement to an attorney, does not deal with Connecticut law, and does not constitute binding legal authority in any jurisdiction. Deborah A. DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301, 308 (1998).

- a decision that does not hold that a plaintiff must be treated as the same person as his attorney, but that denies relief to a plaintiff who published the defendant's defamatory statements to prospective employers. *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217 (2004). Dr. Egbujo explained this aspect of *Cweklinsky* in his opposition (Doc. No. 25 at 6), but again his explanation was ignored.

In short, the District Court had no legitimate basis to treat the alleged publication of defamatory statements to Dr. Egbujo's current counsel as non-actionable or as insufficient to support the Amended Complaint.

**3.    The Amended Complaint cannot be dismissed based on the alleged existence of qualified or absolute privileges, which must be pleaded in an Answer.**

Dr. Egbujo thoroughly explained in his opposition to Defendant's Motion To Dismiss that no qualified or absolute privilege can justify dismissal of the Amended Complaint. Doc. No. 25 at 7-10. For one thing, the alleged communications with third parties such as Hospital employees or Dr. Egbujo's current counsel are not subject to any sort of attorney-client privilege. Doc. No. 25 at 7. For another, none of the decisions cited by Jackson Lewis hold that a qualified privilege immunizes defamatory statements only because they were made between an attorney and a client. Doc. No. 25 at 7, 8 (citations omitted). A third reason is that **a privilege must be pleaded in an Answer rather than offered as grounds for dismissal**. *See Morron v. City of Middletown*, 464 F. Supp. 2d 111, 118 (D. Conn. 2006); *Stevens v. Helming*, No. NNHCV116019393S, 2012 Conn. Super. LEXIS 438, at *8 (Feb. 10, 2012). Doc. No. 25 at 8, 9. And finally, the Amended Complaint makes no allegation of some connection with a judicial proceeding that might trigger an absolute privilege under Connecticut law. Doc. No. 25 at 9, 10. Quite the opposite: The Amended Complaint alleges that the defamatory statements were *not* made within or in connection with a judicial proceeding (an allegation that must be taken as true at this stage). Doc. No. 21 at ¶ 17.

The District Court ignored all these points and relied heavily on the doctrine of legal privilege to justify dismissal, simply assuming that such a privilege exists

and applies here even though the allegations of the Amended Complaint do not support that conclusion. Doc. No. 39 at 7 n.7, 8 n.9.

For all these reasons, the District Court's order of dismissal ventures far beyond the factual allegations and the applicable law. Even if the District Court's Order is presumed correct on its main rationale—i.e., that there can be no "publication" as between Jackson Lewis and the Hospital—the Order erroneously ignores and disregards Dr. Egbujo's multiple other arguments that validate the Amended Complaint.

As discussed below, even the main rationale offered by the District Court for dismissal is highly questionable.

**B.    The District Court's Main Rationale For Dismissal Is Mistaken And Unsupported By Applicable Law.**

Even if this Court ignores each of the foregoing points and focuses exclusively on the District Court's stated rationale for dismissing the Amended Complaint, such rationale is not supported by Connecticut law and does not justify dismissal.

According to the District Court, Jackson Lewis cannot publish a defamatory statement to the Hospital because the two entities (as attorney and client) are legally the same for purposes of a defamation claim. The district relies on a decision from Florida for this conclusion—*Hoch v. Loren*, 273 So. 3d 56 (Fla. 4th

DCA 2019)—but attempts to downplay the absence of Connecticut precedent by observing that both Florida and Connecticut require that a defamation claim allege publication to a third party. Doc. No. 39 at 6 n.6. Yet the common requirement of publication to a third party does nothing to resolve the pertinent question here, which is, *Who constitutes a third party?*

For the District Court to rely on Florida precedent to answer that question and dismiss the Amended Complaint is improper because "[i]n a diversity case, a federal court's proper function is to apply the law of the state in which it sits, not create that law." *Kopperl v. Bain*, No. 3:09-CV-1754 (CSH), 2010 U.S. Dist. LEXIS 89195, at *18 (D. Conn. Aug. 30, 2010). Yet this is exactly what the District Court does by citing *Hoch* and proceeding to explain why Connecticut's general principles of agency (in completely unrelated contexts) support *Hoch*'s specific conclusion. Doc. No. 39 at 6-8.

Worse, the District Court faults Dr. Egbujo for failing to cite authority to refute *Hoch* and the District Court's own approval of same, when the burden falls on Jackson Lewis to cite applicable authority that justifies dismissal. *See United Rentals, Inc. v. Wilper*, No. 3:21-cv-01445 (VLB), 2022 U.S. Dist. LEXIS 163400, at *3 (D. Conn. Sep. 9, 2022) ("The defendant bears the burden of proof on a motion to dismiss for failure to state a claim under Rule 12(b)(6).") (citation omitted). Jackson Lewis failed to meet that burden and is not entitled to dismissal.

Neither Jackson Lewis nor the District Court cited any Connecticut authority holding that publication of a defamatory statement from an attorney to a client cannot trigger liability for defamation. There was thus no legitimate basis to dismiss the Amended Complaint for alleging that Jackson Lewis published a defamatory statement to the Hospital. And it bears repeating that the Amended Complaint sufficiently alleges publication to third parties other than the Hospital, making dismissal even more unjustified. *See supra*.

## CONCLUSION

The District Court's Order dismissing the Amended Complaint is erroneous, not only because the District Court ignored several grounds for denying dismissal, but also because the District Court's stated ground does not justify dismissal. This Court should reverse the Order of Dismissal and remand with instructions to allow Dr. Egbujo to proceed with his claim.


Dated: April 11 2023

                          By      /s/ *Clifford S. Thier*
                                  Clifford S. Thier, Esq.
                                  Thier Law Offices, LLC
                                  1007 Farmington Avenue
                                  West Hartford, CT 06107
                                  Juris Number 428864
                                  Tel.    860-236-2600
                                  Fax:   860-231-1052
                                  cliffthier@thierlaw.com
                                  *Attorney for Appellant*

**CERTIFICATE OF COMPLIANCE**

This Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 5,198 words as measured by the word-count function of Microsoft Word. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally faced space using Microsoft Word with 14 characters per inch in the Times New Roman font.

*/s/Clifford Thier*
Clifford Thier
Attorney for Appellant


**CERTIFICATION OF SERVICE**

I hereby certify that on April 11, 2023, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties through the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/Clifford Thier*
Clifford Thier

## APPENDIX

Civil Docket......................................................................................25

Doc. No. 40   Notice of Appeal ...........................................................33

Doc. No. 21   AMENDED COMPLAINT ..............................................34

Doc. No. 23   MOTION to Dismiss Amended Complaint ......................39

Doc. No. 24   Memorandum in Support re Motion To Dismiss
Amended Complaint...............................................................................42

Doc. No. 25    First Memorandum in Opposition re Motion To Dismiss
Amended Complaint...............................................................................54

Doc. No. 28   REPLY to Response to 23 MOTION to Dismiss
*Amended Complaint* ...............................................................65

Doc. No. 29   First MOTION for Leave to File *Sur-Reply Addressing
Addressing Errors and Distortions in Defendant's Reply
in Support of Motion to Dismiss Amended Complaint* ...........................74

Doc. No. 31   First RESPONSE (Sur-Reply) re 28 Reply to Response to
Motion *to Dismiss*..................................................................79

Doc. No. 32   MOTION for Leave to File *Sur-Sur-Reply Brief in Further
Support of Motion To Dismiss Amended Complaint* ...............................85

Doc. No. 34   RESPONSE re 31 Response *Regarding Motion To Dismiss
Amended Complaint* ...............................................................92

Doc. No. 39   ORDER granting 23 Motion To Dismiss.........................95

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01450-KAD

Egbujo v. Jackson Lewis, P.C.
Assigned to: Judge Kari A. Dooley
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 10/29/2021
Date Terminated: 10/31/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Diversity

**Plaintiff**

**Uchechukwu Egbujo**                represented by    **Clifford Thier**
Thier Law Offices, LLC
1007 Farmington Avenue
West Hartford, CT 06107
860-236-2600
Fax: 860-231-1052
Email: cliffthier@thierlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jackson Lewis, P.C.**                represented by    **Carolyn A. Trotta**
Jackson Lewis PC
90 State House Square
Ste 8th Floor
Hartford, CT 06103
860-522-0404
Fax: 860-247-1330
Email:
carolyn.trotta@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James F. Shea**

Jackson Lewis - P.C. Htfd, CT
90 State House Sq., 8th Fl.
Hartford, CT 06103-3708
860-522-0404
Fax: 860-247-1330
Email: james.shea@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2021 | 1 | NOTICE OF REMOVAL by Jackson Lewis, P.C. from Connecticut Superior Court, JD of Hartford, case number HHD-CV21-6148079-S. Filing fee $ 402 receipt number ACTDC-6704762, filed by Jackson Lewis, P.C.. (Attachments: # 1 Exhibit A)(Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | 2 | NOTICE of Appearance by James F. Shea on behalf of Jackson Lewis, P.C. (Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | 3 | NOTICE by Jackson Lewis, P.C. *Certificate of Filing Notice of Removal* (Attachments: # 1 Exhibit A)(Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | 4 | NOTICE by Jackson Lewis, P.C. *Notice of Pending Motions* (Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | 5 | NOTICE by Jackson Lewis, P.C. *Statement Regarding Removal* (Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | 6 | Consent MOTION for Extension of Time until December 6, 2021 to Respond to Plaintiff's Complaint 1 Notice of Removal by Jackson Lewis, P.C.. (Shea, James) (Entered: 10/29/2021) |
| 10/29/2021 | | Judge Kari A. Dooley added. (Anastasio, F.) (Entered: 11/01/2021) |
| 10/29/2021 | 7 | Order on Pretrial Deadlines: Amended Pleadings due by 12/28/2021. Discovery due by 4/30/2022. Dispositive Motions due by 6/4/2022. Signed by Clerk on 10/29/2021.(Fazekas, J.) (Entered: 11/01/2021) |
| 10/29/2021 | 8 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Kari A. Dooley on 10/29/2021.(Fazekas, J.) (Entered: 11/01/2021) |
| 10/29/2021 | 9 | STANDING PROTECTIVE ORDER |

| | | |
|---|---|---|
| | | Signed by Judge Kari A. Dooley on 10/29/2021.(Fazekas, J.) (Entered: 11/01/2021) |
| 11/01/2021 | 10 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 8 Electronic Filing Order, 3 Notice of Certificate of Filing Notice of Removal(Other) filed by Jackson Lewis, P.C., 9 Standing Protective Order, 6 Consent MOTION for Extension of Time until December 6, 2021 to Respond to Plaintiff's Complaint 1 Notice of Removal filed by Jackson Lewis, P.C., 7 Order on Pretrial Deadlines, 2 Notice of Appearance filed by James F. Shea on behalf of Jackson Lewis, P.C., 1 Notice of Removal filed by Jackson Lewis, P.C., 5 Notice of (Statement Regarding Removal filed by Jackson Lewis, P.C., 4 Notice of Pending Motions filed by Jackson Lewis, P.C. Signed by Clerk on 11/1/2021. (Attachments: # 1 Removal Standing Order) (Fazekas, J.) (Entered: 11/01/2021) |
| 11/01/2021 | 11 | ORDER granting 6 Motion for Extension of Time to answer Plaintiff's complaint 1 until **December 6, 2021**. Signed by Judge Kari A. Dooley on 11/01/2021. (Bernard, Hannah) (Entered: 11/01/2021) |
| 11/01/2021 | | Answer deadline updated for Jackson Lewis, P.C. to 12/6/2021. (Gould, K.) (Entered: 11/12/2021) |
| 11/08/2021 | 12 | NOTICE of Appearance by Carolyn A. Trotta on behalf of Jackson Lewis, P.C. (Trotta, Carolyn) (Entered: 11/08/2021) |
| 11/09/2021 | 13 | DEMAND for Trial by Jury by Uchechukwu Egbujo. (Thier, Clifford) (Entered: 11/09/2021) |
| 11/15/2021 | | Set Deadline: Rule 26 Meeting Report due by 12/13/2021 (Gould, K.) (Entered: 11/15/2021) |
| 11/18/2021 | 14 | Second MOTION for Extension of Time until December 20, 2021, *on Consent*, to Respond to Plaintiff's Complaint by Jackson Lewis, P.C.. (Trotta, Carolyn) (Entered: 11/18/2021) |
| 11/19/2021 | 15 | ORDER granting 14 Second Motion for Extension of Time until **December 20, 2021**, *on Consent*, to respond to Plaintiff's Complaint. Signed by Judge Kari A. Dooley on 11/19/2021. (Bernard, Hannah) (Entered: 11/19/2021) |
| 11/19/2021 | | Answer deadline updated for Jackson Lewis, P.C. to 12/20/2021. (Gould, K.) (Entered: 11/22/2021) |

| 12/14/2021 | 16 | REPORT of Rule 26(f) Planning Meeting. (Trotta, Carolyn) (Entered: 12/14/2021) |
|---|---|---|
| 12/15/2021 | 17 | Order on Pretrial Deadlines. The Court has reviewed the parties' 16 Rule 26(f) Report. It is Approved, Adopted, and So Ordered, except that the parties' joint trial memorandum shall be filed in accordance with the procedure set forth below.<br><br>Pursuant to Local Rule 16(b), the Court orders as follows: The Plaintiff shall move to amend the pleadings or move to join additional parties by **December 28, 2021**. The Defendant shall move to join additional parties by **December 28, 2021** and respond to the complaint by **December 20, 2021**. All discovery shall be completed by **August 29, 2022**. Dispositive motions, if any (see Local Rule 56(c)), shall be filed by **October 29, 2022**. The Court will set a date for filing a joint trial memorandum after the close of discovery. The joint trial memorandum shall comport with this Court's standing order, which will be separately docketed.<br><br>A telephonic status conference is scheduled for **September 7, 2022 at 2:00 P.M.**<br><br>Signed by Judge Kari A. Dooley on 12/15/2021. (Bernard, Hannah) (Entered: 12/15/2021) |
| 12/15/2021 | | **Set Deadlines/Hearings:<br>Amended Pleadings due by 12/28/2021;<br>Discovery due by 8/29/2022;<br>Dispositive Motions due by 10/29/2022;<br>Status Conference set for 9/7/2022 at 2:00 P.M. before Judge Kari A. Dooley. (Bernard, Hannah) (Entered: 12/15/2021) |
| 12/15/2021 | 18 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Status Conference set for **September 7, 2022 at 2:00 P.M.** before Judge Kari A. Dooley. (Bernard, Hannah)<br><br>Telephonic Conference Line: 888-278-0296<br>Access Code: 807-7899 (Entered: 12/15/2021) |
| 12/15/2021 | 19 | Standing Order on Joint Trial Memoranda. See attached.<br>Signed by Judge Kari A. Dooley on 12/15/2021. (Bernard, Hannah) (Entered: 12/15/2021) |

| | | |
|---|---|---|
| 12/20/2021 | 20 | MOTION to Dismiss by Jackson Lewis, P.C..Responses due by 1/10/2022 (Attachments: # 1 Memorandum in Support of Motion to Dismiss)(Trotta, Carolyn) (Entered: 12/20/2021) |
| 01/07/2022 | 21 | AMENDED COMPLAINT against Jackson Lewis, P.C., filed by Uchechukwu Egbujo.(Thier, Clifford) (Entered: 01/07/2022) |
| 01/10/2022 | 22 | ORDER finding as moot 20 Motion to Dismiss in light of Plaintiff's 21 Amended Complaint.<br><br>Signed by Judge Kari A. Dooley on 1/10/2022. (Bernard, Hannah) (Entered: 01/10/2022) |
| 01/21/2022 | 23 | MOTION to Dismiss *Amended Complaint* by Jackson Lewis, P.C..Responses due by 2/11/2022 (Shea, James) (Entered: 01/21/2022) |
| 01/21/2022 | 24 | Memorandum in Support re 23 MOTION to Dismiss *Amended Complaint* filed by Jackson Lewis, P.C.. (Shea, James) (Entered: 01/21/2022) |
| 02/02/2022 | 25 | First Memorandum in Opposition re 23 MOTION to Dismiss *Amended Complaint* filed by Uchechukwu Egbujo. (Thier, Clifford) (Entered: 02/02/2022) |
| 02/08/2022 | 26 | Consent MOTION for Extension of Time until February 23, 2022 In Which to File Reply Brief In Further Support of Motion to Dismiss by Jackson Lewis, P.C.. (Shea, James) (Entered: 02/08/2022) |
| 02/09/2022 | 27 | ORDER granting *on consent* 26 Motion for Extension of Time until **February 23, 2022**.<br><br>Signed by Judge Kari A. Dooley on 2/9/2022. (Bernard, Hannah) (Entered: 02/09/2022) |
| 02/22/2022 | 28 | REPLY to Response to 23 MOTION to Dismiss *Amended Complaint* filed by Jackson Lewis, P.C.. (Trotta, Carolyn) (Entered: 02/22/2022) |
| 03/07/2022 | 29 | First MOTION for Leave to File *Sur-Reply Addressing Errors and Distortions In Defendant's Reply in Support of Motion to Dismiss Amended Complaint* by Uchechukwu Egbujo. (Thier, Clifford) (Entered: 03/07/2022) |
| 03/08/2022 | 30 | ORDER granting 29 Motion for Leave to File Sur-Reply. Plaintiff shall separately file the sur-reply forthwith.<br>Signed by Judge Kari A. Dooley on 3/8/2022. (Bernard, Hannah) (Entered: 03/08/2022) |
| 03/10/2022 | 31 | First RESPONSE re 28 Reply to Response to Motion *to Dismiss* filed by Uchechukwu Egbujo. (Thier, Clifford) (Entered: 03/10/2022) |

| 03/22/2022 | 32 | MOTION for Leave to File *Sur-Sur-Reply Brief in Further Support of Motion to Dismiss Amended Complaint* by Jackson Lewis, P.C.. (Shea, James) (Entered: 03/22/2022) |
|---|---|---|
| 03/23/2022 | 33 | ORDER granting 32 Motion for Leave to File Sur-Sur Reply. Defendant shall separately file the sur-sur-reply forthwith. No further briefing on this motion shall be permitted.<br><br>Signed by Judge Kari A. Dooley on 3/23/2022. (Bernard, Hannah) (Entered: 03/23/2022) |
| 03/24/2022 | 34 | RESPONSE re 31 Response *Regarding Motion to Dismiss Amended Complaint* filed by Jackson Lewis, P.C.. (Shea, James) (Entered: 03/24/2022) |
| 06/20/2022 | 35 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br><br>Telephonic Status Conference set for **June 24, 2022** at 11:00 AM before Judge Kari A. Dooley.<br><br>Conference Line: 888-278-0296<br>Access Code: 807-7899<br><br>(Bernard, Hannah) (Entered: 06/20/2022) |
| 06/24/2022 | 36 | Minute Entry for proceedings held before Judge Kari A. Dooley: Telephonic Status Conference held on 6/24/2022. 5 minutes(Court Reporter Tracy Gow.) (Gould, K.) (Entered: 06/24/2022) |
| 06/24/2022 | 37 | ORDER. For the reasons discussed during the telephonic status conference today, the Court *sua sponte* SUSPENDS all pretrial deadlines and STAYS further discovery pending the resolution of Defendant's 23 Motion to Dismiss. Under Fed. R. Civ. P. 26(c), the Court has "discretion to stay discovery for good cause." When considering whether to issue a stay pending resolution of a dispositive motion, the Court considers: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party. *See Morien v. Munich Reinsurance America, Inc*., 270 F.R.D. 65, 67 (D. Conn. 2010). Having considered these factors, the Court determines that each weighs in favor of a stay.<br><br>Signed by Judge Kari A. Dooley on 6/24/2022. (Bernard, Hannah) (Entered: 06/24/2022) |

| 09/06/2022 | 38 | SCHEDULING ORDER. In light of the Court's Order suspending all pretrial deadlines, *see* ECF No. 37, the telephonic status conference originally scheduled for tomorrow, September 7, 2022, is CANCELLED. Signed by Judge Kari A. Dooley on 9/6/2022. (Bernard, Hannah) (Entered: 09/06/2022) |
|---|---|---|
| 09/29/2022 | 39 | ORDER granting 23 Motion to Dismiss. See attached Memorandum of Decision. Signed by Judge Kari A. Dooley on 9/29/2022. (Bernard, Hannah) (Entered: 09/29/2022) |
| 10/28/2022 | 40 | NOTICE OF APPEAL Re: 39 ORDER granting 23 Motion to Dismiss; 41 JUDGMENT by Uchechukwu Egbujo. Filing fee $ 505, receipt number BCTDC-7117837. (Thier, Clifford) Modified on 10/31/2022 to link to Order and Judgment (Fanelle, N.). (Entered: 10/28/2022) |
| 10/31/2022 | 41 | JUDGMENT entered in favor of Jackson Lewis, P.C. against Uchechukwu Egbujo.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms Signed by Clerk on 10/31/2022.(Gould, K.) (Entered: 10/31/2022) |
| 10/31/2022 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey (Fanelle, N.) (Entered: 10/31/2022) |
| 10/31/2022 | 42 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 40 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Fanelle, N.) (Entered: 10/31/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/12/2023 21:53:01 | | | |
| **PACER Login:** | delaware75 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-cv-01450-KAD |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UCHECHUKWU EGBUJO , | |
| Plaintiff | CASE NO. 3:21-cv-01450-KAD |
| v. | |
| JACKSON LEWIS, P.C. | **NOTICE OF APPEAL** |
| Defendant | |

Notice is hereby given that Uchechukwu Egbujo, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the final judgment entered in this action on September 29, 2022.

On behalf of Plaintiff,

By /s/ Clifford S. Thier
　　Clifford S. Thier, Esq.
　　Thier Law Offices, LLC
　　1007 Farmington Avenue
　　West Hartford, CT 06107
　　Federal Bar Number: CT21633
　　Tel.  860-236-2600 x707
　　Fax:   860-231-1052
　　cliffthier@thierlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | JANUARY 7, 2022 |
| | : | |

## **AMENDED COMPLAINT**

Plaintiff, UCHECHUKWU EGBUJO (the "Plaintiff"), by and through his undersigned counsel and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, hereby files his Amended Complaint against Defendant, JACKSON LEWIS, P.C. (the "Defendant"), and alleges as follows:

1.      Plaintiff is a Nigerian citizen currently residing in South Carolina.

2.      Defendant is a law firm with offices in Hartford, Connecticut.

3.      Plaintiff filed his original Complaint on October 3, 2021, in the Superior Court of Hartford, Connecticut. Defendant removed the Complaint to this Court by a petition [Dkt. No. 1] filed on October 29, 2021, citing diversity of citizenship per 28 U.S.C. §§ 1332 and 1441.

4.      On December 20, 2021, Defendant filed a motion [Dkt. No. 20] and memorandum of law [Dkt. No. 20-1] to dismiss the Complaint.

34

5.      While Plaintiff was a medical resident at Norwalk Hospital (in Norwalk, Connecticut), he was accused of sexual assault by another medical resident (the "accuser").

6.      Norwalk Hospital is operated by Nuvance Health, Inc.

7.      The administration of Norwalk Hospital hired Defendant to investigate the accusations and report back to said administration.

8.      Defendant assigned two of its employees, Teri Wilford Wood and Catherine Tucciarello (collectively, the "investigators"), to conduct the investigation.

9.      The investigators interviewed the accuser, the accused, and other employees of Norwalk Hospital.

10.     During their interviews, the investigators heard several false, defamatory statements about Plaintiff. These defamatory statements include, but are not necessarily limited to, the following:

   a.  That Plaintiff "sexually harassed" the accuser.

   b.  That Plaintiff "assaulted" the accuser.

   c.  That Plaintiff stated, "Nigerian men make good lovers" to the accuser, as an unwelcome sexual advance.

   d.  That Plaintiff "begged [the accuser] to feed him," as an unwelcome sexual advance.

   e.  That Plaintiff stated to the accuser, "Don't tell anyone what happened, it could be bad for your career."

   f.  That Plaintiff "often touches women in the workplace" in an unwelcome manner.

g.  That on multiple occasions during resident conferences, Plaintiff

"grabbed the arm of the female resident sitting next to him" in an

unwelcome manner.

h.  That "[Plaintiff] may have issues with inappropriate touching."

11.    The investigators had no reason to believe the truth of these defamatory

statements and made no effort to determine their truth.

12.    The investigators republished these defamatory statements in their first

written report to Norwalk Hospital.

13.    Said defamatory statements were relied on by the investigators to support

the conclusion they reported to Norwalk Hospital that Plaintiff was guilty of the

accusations against him.

14.    Subsequently, the investigators submitted a second report (with a cover

date of October 3, 2019) to Norwalk Hospital in which they once more republished the

same defamatory statements they had republished in their first report while also

referring to the defamatory statements they had republished in the first report.

15.    The second report was then transmitted to Plaintiff's attorney on October

17, 2019.

16.    It is uncertain whether the second report has been delivered to persons

other than Norwalk Hospital, its employees, and Plaintiff's attorney. According to

information and belief, other persons have seen the second report, and Plaintiff will

identify those other persons during discovery.

17.    The defamatory statements about Plaintiff are false; they charge improper

conduct or lack of integrity in Plaintiff's profession; they expose Plaintiff to contempt,

hatred, ridicule, aversion, or disgrace; and they were not made within or in connection with a judicial proceeding.

18.     As a result of Defendant's republication of the defamatory statements, Plaintiff has suffered harm to his reputation and career that will negatively affect his ability to earn a salary in the future.

WHEREFORE, Plaintiff claims and demands:

1.     Compensatory damages; and

2.     Punitive damages; and

3.     Reasonable attorneys' fees; and

4.     Costs of suit; and

5.     Such other and further relief at law or equity as the Court may ascertain.

**Attorney for Plaintiff**
Respectfully submitted,
*/s/Clifford S. Thier*
Clifford S. Thier (CT Bar No. 21633)
Thier Law Offices, LLC
1007 Farmington Avenue, West Hartford, CT 06107
157 Church Street, New Haven, CT 06510
860.236.2600 ext: 707
cliffthier@thierlaw.com

4

## CERTIFICATION OF SERVICE

I hereby certify that on January 7, 2022, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

/s/Clifford Thier
Clifford Thier

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | JANUARY 21, 2022 |
| | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Jackson Lewis P.C. ("Defendant") respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's one count Amended Complaint (ECF 21) alleges a claim of defamation, which should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Complaint should be dismissed for two reasons. First, Plaintiff fails to plead a prima facie case of defamation because he does not plead publication of an allegedly defamatory statement to a third party. Second, even if sufficiently pleaded, any statements made by Defendant's attorneys in an investigative report are privileged, either conditionally or absolutely, and thus cannot support a finding of liability. Accordingly, for the reasons set forth in the accompanying Memorandum of Law, Plaintiff's Complaint should be dismissed in its entirety.

39

**DEFENDANT,**
**JACKSON LEWIS P.C**.


By:    */s/ James F. Shea*
       James F. Shea (ct16750)
       James.Shea@jacksonlewis.com
       Carolyn A. Trotta (ct30220)
       Carolyn.Trotta@jacksonlewis.com
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT 06103
       P: (860) 522-0404
       F: (860) 247-1330

2

## **CERTIFICATION OF SERVICE**

       This is to certify that on January 21, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.


                                */s/ Carolyn A. Trotta*
                                Carolyn A. Trotta

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | JANUARY 21, 2022 |
| | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Jackson Lewis P.C. ("Defendant") respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On December 20, 2021, Defendant filed a Motion to Dismiss Plaintiff's one-count Complaint alleging defamation. (ECF 20.) On January 7, 2022, Plaintiff filed an Amended Complaint. (ECF 21.) Plaintiff's Amended Complaint fails, however, to state a claim upon which relief may be granted.

Plaintiff seeks to hold Defendant, a law firm, liable for statements included by its attorneys in a privileged investigation report submitted to Defendant's client following a workplace investigation into allegations that Plaintiff repeatedly sexually assaulted a colleague. Defendant's privileged statements contained in an investigation report cannot form the basis of a defamation claim. To conclude otherwise would have serious implications for the attorney-client relationship and attorneys' ability to render confidential legal assessments in the context of workplace investigations.

Plaintiff's Complaint should be dismissed for two reasons. First, Plaintiff fails to plead a prima facie case of defamation because he fails to plead that Defendant published an allegedly defamatory statement **to a third party**. Second, even if sufficiently pleaded, any statements made

42

by Defendant's attorneys in an investigative report to its client are privileged, either conditionally

or absolutely, and thus cannot support a finding of liability.

## I.  ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that while a medical resident at Norwalk Hospital, he was accused of

sexual assault by another medical resident.  (Am. Compl. ¶ 5.)  Plaintiff alleges that Norwalk

Hospital hired Defendant to investigate the allegation of sexual assault.  (Am. Compl. ¶¶ 7.)

Plaintiff alleges that Defendant's investigators heard "false, defamatory statements about

Plaintiff," which they republished in an investigation report to Norwalk Hospital.  (Am. Compl.

¶¶ 8, 10, 12.)  Plaintiff alleges that Defendant reiterated these statements in a second investigation

report dated October 3, 2019, which Defendant republished to Norwalk Hospital and to Plaintiff's

attorney on October 17, 2019. (Compl. ¶¶ 14-15.)

## II.  ARGUMENT

### A.  Standard of Law

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As a result, legal conclusions "must

be supported by factual allegations." *Id.* at 679.

Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual

matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 697 (quoting *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  "[A] plaintiff's

obligation to provide the grounds of [his] entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557.  Thus, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 556 U.S. at 680.  Under this standard, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face and should be dismissed.

### B.  Plaintiff's Prima Facie Case Of Defamation Fails Because He Did Not Allege Defendant Published Any Defamatory Statements To A Third Party

"To establish a *prima facie* case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627-28 (2009) (internal quotation marks omitted).

Publication of an alleged defamatory statement ***to a third party*** is a necessary element to state a legally sufficient claim for defamation.  *See Chiarelli v. Deprimo,* No. CV010446428S, 2004 Conn. Super. LEXIS 1183, *5 (Conn. Super. Ct., May 10, 2004); *see also Legowski v. O'Keefe,* No. CV980584404S, 2000 Conn. Super. LEXIS 635, *7 (Conn. Super. Ct., March 2, 2000) (granting motion to strike defamation claim based on allegations of false statements about the plaintiff's experience in the field, including derogatory and defamatory statements, because the "complaint [was] devoid of any allegation that the alleged remarks were published to a third person, a necessary predicate for a slander cause of action.").

Here, Plaintiff fails to allege that Defendant published a defamatory statement to any third party.  Instead, Plaintiff alleges merely that Defendant's attorneys heard false and defamatory statements made by other individuals, which Defendant's attorneys included in their investigation

reports that were provided to Defendant's client (Norwalk Hospital) and Plaintiff.  (Am. Compl. ¶¶ 10, 12, 14.)  Indeed, Plaintiff admits that he is "uncertain" if the second report was delivered "to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney."[1]  (Am. Compl. ¶ 16.)

Plaintiff's allegations that Defendant published allegedly defamatory statements to Defendant's client are insufficient to establish publication "to a third party."  *See Gambardella*, 291 Conn. at 627-28.  Publication by an attorney to the attorney's client is not a publication to a third party "where [their] interests . . . [are] unified."  *Hoch v. Loren*, 273 So. 3d 56, 58 (Fla. Dist. Ct. App. 2019) (dismissing defamation claim against attorney who sent a copy of a cease and desist letter allegedly containing defamatory statements to his client).  This is true because the agency relationship between attorney and client renders the communication between the attorney and client as "tantamount to the principal 'talking to itself.'"  *Id.*  Norwalk Hospital hired Defendant to investigate Plaintiff's alleged sexual assault and report back to Norwalk Hospital, which Defendant did.  (Am. Compl. ¶¶ 7, 12, 14.)  The interests of Norwalk Hospital and Defendant were aligned and any communication from Defendant to Norwalk Hospital is not a publication to a third party.

Nor is publication to Plaintiff's attorney a publication to a third party.  *See Davis v. Progressive Universal Ins. Co.*, No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534, at *9 (D. Or. Oct. 13, 2020) (dismissing invasion of privacy claim based on statements made to plaintiff's attorney for lack of "publication to a third party"); *Catalyst Pharm. v. Fullerton*, No. 16-25365-CIV, 2017 U.S. Dist. LEXIS 221258, at *19 (S.D. Fla. Aug. 8, 2017) ("[A] statement made to a

---

[1] Plaintiff also alleges that "[a]ccording to information and belief, other persons have seen the second report," but does not identify those other persons and does not even allege that these unidentified persons saw the report due to a publication by Defendant.  (*See* Am. Compl. ¶ 16.)

party's attorney is practically indistinguishable from a statement made to the party itself."); *Snyder v. AG Trucking,* 57 F.3d 484, 489-90 (6th Cir. 1995) ("[P]ublication to plaintiff's attorney is not publication to a third party, at least when the communication pertains to the matter for which the attorney was retained."). Plaintiff fails to plead a publication to a third party based on an allegation of publication to Plaintiff's attorney, because this is indistinguishable from publishing a statement to Plaintiff. *See Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217 (2004) ("As a general rule . . . no action for defamation exists if the defendant publishes the defamatory statements to only the plaintiff . . . .").

Plaintiff's Amended Complaint should be dismissed on this ground alone.

### C. Even if Plaintiff's Allegations Are Sufficient, the Complaint Should Be Dismissed Because Defendant's Statements Are Privileged

Defendant's statements, made to its client and Plaintiff following Defendant's investigation of allegations of sexual assault against Plaintiff, are protected by a qualified privilege because the attorney-client privilege and addressing workplace misconduct are interests to be upheld, Defendant's report was limited in scope to providing advice to its client in the context of an investigation into workplace misconduct, and the report was made in good faith and on proper occasion. Moreover, Plaintiff has not pleaded facts to establish that Defendant acted with malice— actual or in fact—when it included allegedly defamatory statements in its investigation report. Finally, even if not subject to a qualified privilege, Defendant's statements are protected by an absolute privilege. Plaintiff's Complaint should be dismissed on this basis, as well.

#### 1. Defendant's Statements Are Protected by a Qualified Privilege Because They Were Made In Good Faith, In Limited Scope, On Proper Occasion, and Only to Proper Parties and In a Proper Manner In the Context of the Attorney-Client Relationship

"A qualified privilege protects false statements that are not made maliciously." *Gallo v. Barile*, 284 Conn. 459, 464 n.6 (Conn. 2008). The elements of qualified privilege are "(1) an

interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only." *Miles v. Perry*, 11 Conn. App. 584, 595 (1987).

Here, under the first element of the defense, there are two related interests to be upheld. First, is the attorney-client relationship.  "[T]he attorney-client relationship may represent an 'interest to be upheld,' as required for the first element of a privilege asserted to defeat a defamation claim . . . ." *Pryor v. Brignole*, No. HHDCV156059311S, 2016 Conn. Super. LEXIS 426, at *9 (Super. Ct. Mar. 8, 2016).  "[The attorney-client privilege's] purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

The second interest to be upheld is addressing workplace misconduct, including sexual harassment and sexual assault. *See State v. Afscme, Council 4, Local 391.*, 309 Conn. 519, 526 (Conn. 2013) ("[T]here is a clear, well-defined and dominant policy against sexual harassment in this state.").  Employers must be able to conduct accurate and effective investigations into allegations of workplace misconduct.  This is especially true when the allegations are as serious as a sexual assault.  Employers also must be able to hire competent, experienced investigators— including attorneys—to investigate alleged workplace misconduct.  Those attorneys must be able to use their professional skills and training in conducting the investigation, including reporting the facts uncovered and making credibility assessments.  If attorneys can be sued for including negative statements about an individual accused of wrongdoing in an internal investigation report, the system of reporting complaints, investigating complaints, and addressing credible or substantiated complaints breaks down.  Plaintiff's proposed cause of action, if allowed to proceed,

will have a chilling effect on any progress made in eradicating and addressing sexual harassment in the workplace.  To avoid potential legal liability, attorneys will not include negative statements about the accused in investigation reports.  Experienced employment attorneys may be reluctant to take on investigations of workplace misconduct.  Employers, without accurate, complete, and thorough investigation reports, will have no grounds or basis to take remedial action in response to even well-founded complaints.  Employers may be discouraged from investigating workplace misconduct.  This, in turn, will affect the morale of employees who reported sexual harassment or other wrongdoing.  Employees may be dissuaded from reporting wrongdoing at all.

As to the second element of the defense, the alleged defamatory statement in the report was limited in its scope to the purpose of an investigation report of sexual assault by a law firm to its client.  (Am. Compl. ¶¶ 7, 12, 14.)   Plaintiff does not allege that the statement was extraneous or somehow unrelated to the purpose of the report.  *See Carter v. Dozier*, Civil Action No. 2:10-2812-RMG, at *2 (D.S.C. June 16, 2011) (finding qualified privilege as to statement in a field report by a fire department that "limited its contents to the information obtained while on scene").

As to the third element, Plaintiff alleges no facts to support a conclusion that Defendant acted in bad faith.  Indeed, the only plausible conclusion to be drawn from Plaintiff's allegations are that Defendant acted in good faith by doing exactly what it was hired to do—investigate an allegation of sexual assault and report back to its client. (Am. Compl. ¶¶ 7, 12, 14.)   Nothing about these facts is indicative of Defendant acting in bad faith.

As to the fourth element, the alleged defamatory statement was made on proper occasion because the report was provided to Defendant's client in response to the client's request.  *See Dynamic Air, Inc. v. Boccard*, Civ. No. 01-2148 (JNE/JGL), at *8 (D. Minn. Sep. 4, 2003) (finding qualified privilege satisfied because, *inter alia*, the alleged defamatory statements were conveyed

by the company's president in response to a manufacturer's solicitation for comments about a manufacturing system and thus were made upon "proper occasion"). Defendant's report, and the allegedly defamatory statement contained therein, was provided in response to its client's request for an investigation report and were thus made on proper occasion. (Am. Compl. ¶ 7 ("The administration of Norwalk Hospital hired Defendant to investigate the accusations and report back to said administration.").)

As to the fifth element, the report was published in a proper manner to proper parties only. Plaintiff does not allege that the investigation report was "published excessively, i.e., that it was made to persons with an insufficient interest in it for it to warrant protection." *See Gruss v. Zwirn*, 276 F.R.D. 115, 137 (S.D.N.Y. 2011). Plaintiff's allegations are that Defendant did nothing more than make a statement during an investigation of workplace misconduct, to its client and then to Plaintiff's attorney. (Am. Compl. ¶¶ 12, 14, 15.) Plaintiff admits that it is "uncertain" if the report was delivered to anyone other than Norwalk Hospital, its employees, and Plaintiff's attorney" and makes no allegation that Defendant published it to anyone else. (Am. Compl. ¶ 16.) Accordingly, Defendant published the report only to those with an interest in the report.

Accordingly, Defendant's allegedly defamatory statements satisfy all five elements of defense of qualified privilege and are subject to qualified immunity. *See Reynolds v. Hargrave*, No. 10-19-00255-CV, 2020 Tex. App. LEXIS 6858, at *8 (Tex. App. Aug. 26, 2020) (finding qualified privilege barred defamation claim against nurse who reported a maintenance supervisor for inappropriate sexual conduct with a nursing-home resident); *Front, Inc. v. Khalil*, 2015 NY Slip Op 01554, ¶ 3, 24 N.Y.3d 713, 720 (applying qualified privilege to statements made by attorney for employer in a letter sent to employer's former employee because the attorney "had a

good faith basis to anticipate litigation and the statements in the letters were pertinent to that anticipated litigation").

### 2. There Are No Plausible Factual Allegations of Malice to Overcome the Privilege

"[T]he malice required to overcome a qualified privilege in defamation cases is malice in fact or actual malice. . . . Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false. . . . Malice in fact is sufficiently shown by proof that the [statement was] made with improper and unjustifiable motives." *Gallo v. Barile*, 284 Conn. 459, 464 n.6 (Conn. 2008) (internal quotation marks and citation omitted).

Here, the only fact pleaded by Plaintiff that suggests malice is that "[i]nvestigators had no reason to believe the truth of these defamatory statements and made no effort to determine their truth." (Am. Compl. ¶ 11.)   This allegation is insufficient to establish Defendant's actual knowledge of the statement's falsity or reckless disregard for its falsity.  *Moriarty v. Lippe*, 162 Conn. 371, 380, 294 A.2d 326, 331 (1972) ("Failure to investigate does not of itself satisfy this standard."); *see also Gertz v. Robert Welch*, 418 U.S. 323, 334 n.6 (1974) (equating "reckless disregard of the truth with subjective awareness of probable falsity").  There is no allegation that Defendant was "subjective[ly] aware . . . of probable falsity" of the allegedly defamatory statement.  *Id.*  Moreover, Plaintiff has pleaded no facts that indicate Defendant had any improper or unjustifiable motive in including the allegedly defamatory statements in its investigation report to its client.  (*See generally* Compl.)  Accordingly, there are no facts pleaded in the Complaint to overcome the application of qualified immunity by establishing malice.

### 3. Even if Not Protected By Qualified Privilege, Absolute Privilege Should Apply and Bar Plaintiff's Defamation Claim

Connecticut recognizes that "[c]ommunications uttered or published in the course of judicial proceedings are absolutely privileged [as] long as they are in some way pertinent to the subject of the controversy." *Gallo v. Barile*, 284 Conn. 459, 466 (Conn. 2008); *see also Irwin v. Cohen*, 40 Conn. Supp. 259, 261, 490 A.2d 552, 554 (1985) ("[A]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of,  a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.").

Although novel in Connecticut, other states have concluded that attorney immunity protects statements made by attorneys even outside of litigation.  For example, in Texas, "attorney immunity exists to promote . . . 'loyal, faithful, and aggressive representation' by alleviating in the mind of the attorney any fear that he or she may be sued by or held liable to a non-client for providing such zealous representation."  *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 76 (Tex. 2021).  Recently, the Texas Supreme Court expanded this to immunity outside the litigation context, concluding that:

> [A]attorney immunity provides a defense to a non-client's claims based on an attorney's conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney and (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same interests. And in light of the defense's purposes, we hold that it applies to claims based on conduct the attorney performed in a non-litigation context, so long as the conduct qualifies as this "kind" of conduct.

*Id.* at 81.

Here, in the context of an attorney investigating sexual assault and issuing an investigation report, Defendant's statements are subject to absolute privilege.  In this case, Plaintiff seeks to

punish Defendant and its attorneys for doing exactly what they were supposed to do as charged by Defendant's client and consistent with the requirements of the law—prepare an investigation report of alleged misconduct by Plaintiff and accurately and thoroughly detail their investigation and their findings.  To conclude that such conduct is not absolutely privileged would impede an attorney's ability to advise his or her clients and interfere with the attorney client privilege.  Indeed, attorneys would be hindered in conducting accurate and effective investigations.  Taken to its logical conclusion, Plaintiff's position would render an attorney unable to provide a client with a credibility assessment of a witness in any investigation, for fear of a potential defamation claim.  *See* Section II.C.1, *supra*.  That is not the law.  Accordingly, Plaintiff's defamation claim fails, and his Complaint should be dismissed.

### III.   CONCLUSION

For the foregoing reasons Plaintiff's Complaint should be dismissed in its entirety.

**DEFENDANT,**
**JACKSON LEWIS P.C.**

By:      */s/ James F. Shea*
James F. Shea (ct16750)
James.Shea@jacksonlewis.com
Carolyn A. Trotta (ct30220)
Carolyn.Trotta@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

## **CERTIFICATION OF SERVICE**

This is to certify that on January 21, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*/s/ Carolyn A. Trotta*
Carolyn A. Trotta

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | February 2, 2022 |
| | : | |

**PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, UCHECHUKWU EGBUJO (the "Plaintiff"), by and through his

undersigned counsel, hereby files his opposition to the motion by Defendant, JACKSON

LEWIS, P.C. (the "Defendant"), to dismiss Plaintiff's Amended Complaint, and states as

follows:

**I. Background**

This case concerns defamatory statements made by Defendant to third parties

regarding Plaintiff. As alleged in the Amended Complaint [Dkt. No. 21], Plaintiff was a

medical resident at Norwalk Hospital when he was accused of sexual assault by

another medical resident (the "accuser"). Am. Compl. ¶ 5. Norwalk Hospital hired

Defendant to investigate the accusations, which Defendant did by assigning two

employees to interview the accuser, Plaintiff, and other hospital employees. Am. Compl.

¶¶ 7-9. During those interviews, the investigators heard several defamatory statements

about Plaintiff that are described in detail in the Amended Complaint. Am. Compl. ¶ 10.

The defamatory statements Plaintiff is charging Defendant with publishing were irrelevant to answering the question Defendant was tasked to address: whether a specific act or series of acts had occurred. Instead, the defamatory statements were appeals to racial and national-origin bigotry.Despite having no reason to believe the truth of these defamatory statements, and despite making no effort to determine their truth, the investigators republished those statements on more than one occasion to the hospital, the hospital's employees, and Plaintiff's attorney. Am. Compl. ¶¶ 12-16. Plaintiff has reason to believe that the defamatory statements were received by other persons, and Plaintiff will identify those other persons during discovery. Am. Compl. ¶ 16. The defamatory statements about Plaintiff are false; they charge improper conduct or lack of integrity in Plaintiff's profession; they expose Plaintiff to contempt, hatred, ridicule, aversion, or disgrace; and they were not made within or in connection with a judicial proceeding. Am. Compl. ¶ 17. As a result of Defendant's republication of the defamatory statements, Plaintiff has suffered harm to his reputation and career that will negatively affect his ability to earn a salary in the future. Am. Compl. ¶ 18.

Defendant now brings a motion to dismiss [Dkt. No. 23] and a supporting memorandum of law [Dkt. No. 24] asserting two overarching theories for why the Amended Complaint fails to state a valid cause of action. First, Defendant argues that sharing the statements with its own client or with Plaintiff's attorney does not satisfy the requirement of publication to a third party. Second, Defendant argues that even if there has been publication to a third party, the statements cannot trigger liability because they are subject to a qualified or absolute privilege that protects attorney-client communications.

Defendant's arguments do not withstand scrutiny or justify dismissal of the Amended Complaint.

Defendant cites no Connecticut authority – which is the only kind applicable here – holding that the publication requirement is not satisfied when an attorney shares a defamatory statement with his or her client or with a plaintiff's attorney. Even if there were such Connecticut authority, Defendant's client is Norwalk Hospital, not the Hospital's employees, so the alleged sharing of the defamatory statements with those employees constitutes publication to third parties. Likewise, sharing the defamatory statements with Plaintiff's attorney constitutes publication except in narrow circumstances not alleged here, as shown by Defendant's own cited authority.

Defendant's own cited authority also shows that to be privileged, defamatory statements must be made in connection with a judicial proceeding; the mere fact that an attorney makes defamatory statements does not immunize them. Moreover, the existence and applicability of a privilege are matters to be raised as an affirmative defense and supported with evidence, again as shown by Defendant's own cited authority.

The Amended Complaint states a cause of action that is valid on its face, and Defendant has offered no sound basis for concluding otherwise. As such, the motion to dismiss must be denied.

## II. Standards Governing Motions to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678 (citing *Twombly.* at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft* at 678 (citing *Twombly.* at 557).

The Amended Complaint indeed contains sufficient factual matter that, if accepted as true, states a plausible claim for defamation. Defendant's arguments do not show otherwise and fail to justify dismissal.

### III. Arguments

Defendant argues that the Amended Complaint fails to make sufficient allegations that the false, defamatory statements were published to a third party. Defendant also argues that the false, defamatory statements set forth in the Amended Complaint are protected by a qualified or absolute privilege. These arguments are deeply flawed, as shown in part by Defendant's own cited authorities, as well as by other authorities that Defendant has ignored.

### A.    The Amended Complaint Sufficiently Alleges Publication Of Defamatory Statements To Third Parties

First, Defendant argues that the Amended Complaint is deficient because it fails to allege that Defendant published the false, defamatory statements in question to a third party. Def. Mem. Law at 3-5. Yet Defendant provides no sound basis for reaching this conclusion.

One inadequate basis Defendant offers is that communications between Defendant and its own client cannot be regarded as publication, since the agency

relationship between an attorney and a client effectively makes them the same person. Def. Mem. Law at 4. Defendant cites *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620 (2009), a decision that does not even concern attorney-client communications. Defendant also cites *Hoch v. Loren*, 273 So. 3d 56 (Fla. 4th DCA 2019), a decision from another state that does not shed light on the law of Connecticut. "In a diversity case, a federal court's proper function is to apply the law of the state in which it sits, not create that law." *Kopperl v. Bain*, No. 3:09-CV-1754 (CSH), 2010 U.S. Dist. LEXIS 89195, at *18 (D. Conn. Aug. 30, 2010). Yet this is what Defendant seeks to do by importing Florida law into Connecticut and then enforcing such law to Plaintiff's detriment. There is no Connecticut authority that embraces Defendant's argument, so there is no sound basis for the Court to create such authority or use it to dismiss the Amended Complaint.

But even if the Court were to adopt *Hoch v. Loren* and conclude that attorney-client communications do not constitute "publication," it still does not follow that the Amended Complaint is deficient. This is because the Amended Complaint alleges that Norwalk Hospital hired Defendant, which means that Defendant represents the Hospital rather than the Hospital's employees (who are among the people who allegedly received the false, defamatory statements in question). Connecticut law is quite clear that an attorney hired by an organization represents the organization rather than its employees. *See Feldman v. Feldman*, No. FA124119410, 2013 Conn. Super. LEXIS 1154, at *7-*8 (May 22, 2013) (citing Rules of Professional Conduct, Rule 1.13); *Mayer-Wittmann Joint Ventures v. Gunther Int'l*, No. CV 93 0134790 S, 1994 Conn. Super. LEXIS 1507, at *7-*8 (June 6, 1994) (same). At most, an attorney might be treated as

representing the organization's managerial ("constituent") employees, if there is evidence that the attorney provided those employees with direct, personal representation. *See Feldman* at *8-*9; *Mayer-Wittmann* at *8-*10. Nothing in the Amended Complaint suggests that Defendant represented anyone other than Norwalk Hospital, which means that the alleged publication of false, defamatory statements to the Hospital's employees is indeed publication to a third party and falls outside the doctrine that Defendant asks the Court to follow.

Another inadequate basis for Defendant's argument is that the alleged sharing of false, defamatory statements with Plaintiff's attorney does not amount to publication to a third party, since Plaintiff and his attorney must also be treated as the same person. Def. Mem. Law at 4-5. Defendant cites only one Connecticut decision – *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217 (2004) – but that decision does not in any way hold that a plaintiff must be treated as the same person as his attorney (the decision denied relief to a plaintiff who published the defendant's defamatory statements to prospective employers). All of the other decisions cited by Defendant on this issue come from outside Connecticut, and again they neither shed light on Connecticut law nor justify dismissing the Amended Complaint.

Even if the Court were to follow these non-Connecticut decisions, one of them treats a plaintiff and his attorney as a single person only if the attorney is "representing [plaintiff] in the matter discussed in the communication." *Snyder v. AG Trucking*, 57 F.3d 484, 489 (6th Cir. 1995). This is the same, narrow approach that is taken in another decision cited by Defendant where the defamatory statements were made as part of a settlement discussion and thus "pertain[ed] to the matter for which the attorney was

retained." *Davis v. Progressive Universal Ins. Co.*, No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534, at *9 (D. Or. Oct. 13, 2020) (citing *Snyder*). Nothing in the Amended Complaint alleges that Plaintiff's attorney was representing Plaintiff in the underlying employment matter or was negotiating a settlement with Defendant, so again there is no basis for applying the doctrine that Defendant asks the Court to follow.

**B.    There Is No Qualified Or Absolute Privilege Entitling Defendant To Dismiss The Amended Complaint**

For its alternative argument, Defendant asserts that the defamatory statements at issue in the Amended Complaint are protected by either a qualified privilege or an absolute privilege. Def. Mem. Law at 5-11. Neither privilege applies here, and even if one of them did, Defendant would be obligated to plead and prove it as an affirmative defense rather than shift the burden to Plaintiff to plead around it.

**1.    No Qualified Privilege Applies To Or Bars The Amended Complaint**

Defendant argues that a qualified privilege protects defamatory statements between an attorney and client, and Defendant goes on to argue that the Amended Complaint is deficient because it fails to refute the elements of the qualified privilege. Def. Mem. Law at 5-9.

The first problem with this argument is the one already mentioned above herein, namely that the "client" is Norwalk Hospital rather than its employees or Plaintiff's attorney, who also are alleged to have received the defamatory statements. As such, even if Defendant were completely correct as to a qualified privilege for attorney-client communications, this would not justify dismissal of the Amended Complaint.

But it so happens that Defendant is not correct as to the qualified privilege. Defendant cites no Connecticut authority (and Plaintiff is aware of none) holding that a

qualified privilege immunizes defamatory statements merely because they were made between an attorney and a client. The Connecticut decisions cited by Defendant to establish such a qualified privilege simply do not accomplish that:

- *Gallo v. Barile*, 284 Conn. 459 (Conn. 2008) – The decision concerns statements made in connection with judicial proceedings and statements made to police as part of a criminal investigation. It does not concern attorney-client communications.

- *Miles v. Perry*, 11 Conn. App. 584 (1987) – The decision concerns statements of "public concern" or touching on "official duties." It does not concern attorney-client communications.

- *Pryor v. Brignole*, No. HHDCV156059311S, 2016 Conn. Super. LEXIS 426 (Super. Ct. Mar. 8, 2016) – The decision *declines* to apply a qualified privilege to statements made between an attorney and a client.

- *State v. Afscme, Council 4, Local 391*, 309 Conn. 519 (Conn. 2013) – This decision does not concern a defamation claim, let alone a qualified privilege that supposedly defeats one.

Yet another problem with Defendant's argument is that a qualified privilege is an affirmative defense that hinges on pleading and proving very specific facts, making the privilege an inappropriate basis for dismissal. *See Morron v. City of Middletown*, 464 F. Supp. 2d 111, 118 (D. Conn. 2006) ("As both types of privilege cited by [defendant] are normally treated as defenses, the court will not decide the matter at this stage in the litigation.") (citations omitted); *see also Stevens v. Helming*, No. NNHCV116019393S, 2012 Conn. Super. LEXIS 438, at *8 (Feb. 10, 2012) ("Privilege is an affirmative

defense in a defamation action and must, therefore, be specifically pleaded by the defendant. . . . A motion for dismissal is not generally granted when based on a special defense"). The reluctance to grant dismissal based on privilege makes sense because "[i]f this were not so, a plaintiff would be compelled to assume the burden of proving not only his own case but meeting the special defenses of the defendant." *Stevens* at *9.

Just as predicted by *Stevens*, Defendant in the present case goes down a laundry list of (factual) elements of the qualified privilege and faults the Amended Complaint for not pleading around them, thereby shifting the burden to Plaintiff. Def. Mem. Law at 6-8. This would be unwarranted even if a qualified privilege existed here, which it does not.

### 2.    Plaintiff Is Not Obligated To Plead Malice By Defendant

Defendant argues that the Amended Complaint fails to overcome the qualified privilege by alleging that Defendant acted with malice. Def. Mem. Law at 9. This argument is predicated on the existence and applicability of a qualified privilege, which for reasons already stated is not the case here. As a result, Plaintiff has no obligation to plead malice.

### 3.    No Absolute Privilege Applies To Or Bars The Amended Complaint

Defendant argues that the defamatory statements in question are protected by an absolute privilege that applies to "communications uttered or published in the course of judicial proceedings . . . [as] long as they are in some way pertinent to the subject of the controversy." Def. Mem. Law at 10-11. Defendant identifies no such judicial proceeding, and the Amended Complaint specifically alleges that there was no such judicial proceeding.

9

Undaunted, Defendant urges the Court (yet again) to import another state's jurisprudence and conclude that "attorney immunity protects statements made by attorneys even outside of litigation[,]" citing *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021). Yet *Haynes* does not concern a claim of defamation or a motion to dismiss a complaint. Even if it did, Defendant offers no basis for the Court to disregard Defendant's own cited authority from Connecticut that confines the absolute privilege to communications made in connection with a judicial proceeding. *Gallo*, 284 Conn. at 466; *Irwin v. Cohen*, 40 Conn. Supp. 259, 261, 490 A.2d 552, 554 (1985). In light of the Court's duty "to apply the law of the state in which it sits" (*Kopperl* at *18), this argument by Defendant to undermine such law is difficult to fathom.

If Defendant still believes that some sort of privilege applies here, Defendant is obligated to plead it as an affirmative defense in an Answer to the Amended Complaint. It is not Plaintiff's burden to plead around a privilege, though Plaintiff already has done so with regard to the absolute privilege by specifically alleging that the defamatory statements were not made in connection with a judicial proceeding.

## IV. Conclusion

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion to Dismiss the Amended Complaint and grant such other and further relief as the Court deems warranted.

**Attorney for Plaintiff**
*s/Clifford S. Thier*
Clifford S. Thier (CT Bar No. 21633)
Thier Law Offices, LLC
1007 Farmington Avenue, West Hartford, CT 06107
157 Church Street, New Haven, CT 06510
860.236.2600 ext: 707
cliffthier@thierlaw.com

10

63

## <u>CERTIFICATE OF SERVICE</u>

I, Clifford Thier, counsel for Plaintiff, hereby certify that this document was filed through

the CM/ECF system and will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF) on this February 2, 2022.

**Carolyn A. Trotta**
Attorney At Law
Jackson Lewis PC
90 State House Square
Ste 8th Floor
Hartford, CT 06103-3708
860-522-0404
carolyn.trotta@jacksonlewis.com

**James F. Shea**
Attorney At Law
Jackson Lewis :PC
90 State House Square
Hartford, CT 06103-3708
860-522-0404
sheaj@jacksonlewis.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | FEBRUARY 22, 2022 |
| | : | |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff's case theory—that a third-party investigator of an alleged sexual assault in the workplace can be subject to a claim of defamation absent any allegation of bad faith or malice—fails as a matter of law and policy.

First, Plaintiff asks this Court to ignore hornbook legal principles to save his Amended Complaint from dismissal for failure to plead an essential element of his defamation claim: the publication of a defamatory statement to a third party.  In particular, Plaintiff asks this Court to ignore a basic legal tenet of the agency-principal relationship and conclude that Defendant's alleged publication of an allegedly defamatory statement to Plaintiff's attorney constitutes publication to a third party.  Plaintiff also asks this Court to ignore that organizations can act only through their constituents, including employees, and conclude that Plaintiff's allegation that Defendant provided its investigation report to its client's employees is sufficient to establish his prima facie case.

Second, Plaintiff urges this Court to adopt the view that third-party investigators of an alleged sexual assault in the workplace should be subject to defamation claims simply for investigating the alleged sexual assault and reporting back to their client the results of that

65

investigation.  Plaintiff's view is not the law and violates the public policy of this state to ensure the prompt and thorough investigation of workplace misconduct.

Plaintiff's defamation claim fails to state a claim because he does not plead a prima facia case and, even if he does, any allegedly defamatory statements are privileged.  Plaintiff's Amended Complaint should be dismissed.

I.    ANALYSIS

A.    **Plaintiff Fails To Plead a Prima Facie Case of Discrimination Because There Was No Publication to a _Third Party_**

Connecticut law is clear that to state a claim for defamation, Plaintiff must allege publication to a third party.  This is an essential and fundamental element of his claim.  *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627-28 (2009) (citing one element of defamation is publishing a defamatory statement "to a third person").  Plaintiff fails to do so, and his Amended Complaint can be dismissed for this reason alone.

1.    **It is Basic Agency Law That Communications To the Agent Are Tantamount to Communications to the Principal**

Plaintiff argues that "there is no Connecticut authority" that communications from Defendant to its client (Norwalk Hospital) do not constitute publication to a third party.  (ECF 25 at 4-5, 6.)  To the contrary, Connecticut follows basic agency principles, including that well-established rule that communications to a principal's agent are tantamount to communications to the principal.  *See Trap Falls Realty Holding Ltd. Partnership v. Board of Tax Review of Shelton*, 29 Conn. App. 97, 103 (1992) ("It is axiomatic that notice to the agent while acting within the scope of the agent's authority is notice to the principal.").

There is no plausible reading of the Amended Complaint that Plaintiff's attorney was not representing Plaintiff.  Plaintiff's Amended Complaint does not allege that Defendant published

an allegedly defamatory statement to a random attorney, but instead alleges that the statement was published to "Plaintiff's attorney."  (ECF 25 ¶ 15.)  Accordingly, Plaintiff cannot satisfy his requirement of pleading the essential element of publication to a third party by relying on Defendant's an alleged publication of a defamatory statement to Plaintiff's attorney.

> **2.      Plaintiff Does Not Allege Publication to Norwalk Hospital's Employees, But Even If He Did, Communication to Plaintiff's Client, Norwalk Hospital, Can Be Made Only Through Norwalk Hospital's Agents and Employees**

Plaintiff argues that the "Amended Complaint alleges that . . . Defendant represents the Hospital rather than the Hospital's employees" and thus that the publication of alleged "defamatory statements to the Hospital's employees is indeed publication to a third party."  (ECF 25 at 5-6.) Plaintiff misrepresents the allegations of the Amended Complaint and misinterprets basic legal principles.

As an initial matter, Plaintiff never alleges a publication to Norwalk Hospital's employees. The Amended Complaint alleges that the allegedly defamatory statements were published in written reports "to Norwalk Hospital."  (ECF 21 ¶¶ 12, 14.)  Later, Plaintiff alleges that "[i]t is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney." (ECF 21 ¶¶ 16.)  Plaintiff thus ***does not*** allege that Defendant published the report "to Norwalk Hospital's employees."  (*See generally* ECF 21.)

To the extent these allegations can be read to allege that Plaintiff published the report "to Norwalk Hospital's employees," Plaintiff fails to identify any specific employees to whom Defendant allegedly published the report, as he is required to do.  *See Law Offices of Frank N. Peluso, P.C. v. Cotrone*, No. FSTCV065000599S, 2009 Conn. Super. LEXIS 2596, at *7-8 (Super. Ct. Sep. 23, 2009) (striking defamation claim for failure to plead to whom alleged defamatory statements were made with sufficient particularity); *Winters v. Concentra Health Services*, No. CV

3

07 501208, 2008 Conn. Super. LEXIS 563, at *21 (Conn. Super. Ct. Mar. 5, 2008) (striking defamation claim where, "[a]lthough the plaintiff alleges that [defendant] employees told patients that he had 'threatened to go home and get a gun and come back and shoot somebody,' the plaintiff does not adequately specify which employee made this statement or to which patient it was made"); *Crosby v. HSBC North Ameri-can Holdings*, No. CV 06 5000378, 2007 Conn. Super. LEXIS 1278, at *27-28 (Conn. Super. Ct. May 16, 2007) (striking defamation claim where complaint failed to allege who made or heard republications of allegedly defamatory statements or when, where, or how such a republication occurred).

Regardless, even if Plaintiff's Amended Complaint could be read as alleging publication to Norwalk Hospital's employees, dismissal is still appropriate because Defendant can only communicate with its client through its client's constituents, including its employees.  Plaintiff confuses whom Defendant represents (Norwalk Hospital) with how Defendant communicates with its client (through its employees).

The cases cited by Plaintiff stand only for the principal that representation of an organization does not convey an attorney-client relationship between the attorney and the organization's constituents, a fact that Defendant does not dispute.  *See, e.g.*, *Feldman v. Feldman*, No. FA124119410, 2013 Conn. Super. LEXIS 1154, at *7 (Super. Ct. May 22, 2013) ("[R]epresentation of a closely-held corporation, even one managed exclusively by two officers . . . does not per se form an attorney-client relationship between the attorney and each shareholder . . . .").

Plaintiff ignores, however, that although an attorney does not automatically represent the constituents of its organizational client, the organization acts ***through its constituents***.  Indeed, this is clear from the rule identified by Plaintiff, Rule of Professional Conduct 1.13(a), which

provides that a "[a] lawyer employed or retained by an organization *represents the organization acting through its duly authorized constituents*." Conn. Rules of Prof'l Conduct 1.13(a) (emphasis added); *see also Howroyd v. New Eng. Ski & Scuba, LLC*, No. HHDCV156059915S, 2016 Conn. Super. LEXIS 693, at *6 (Super. Ct. Mar. 30, 2016) ("[T]he defendant is a limited liability corporation that can act only through agents and employees.").

Notably, Plaintiff's Amended Complaint does not allege that Defendant published the report to any unauthorized constituents of Norwalk Hospital. (*See* ECF 21 ¶¶ 12, 14, 16.)  Nor does Plaintiff allege that Defendant distributed the report widely to all employees of Norwalk Hospital.  Most importantly, there is no allegation that Defendant distributed the report to anyone who was not involved in the investigation and thus who had a business need to know the information.

Accordingly, alleged publication to Norwalk Hospital's employees (to the extent there is such an allegation) does not constitute publication to a third party.  Plaintiff's defamation claim fails to state a claim and should be dismissed.

### B.    Defendant's Statements Are Protected By Privilege

As set forth in Defendant's Motion to Dismiss (ECF 24 at 5-6), statements made by a third-party investigator of alleged workplace misconduct are protected by a qualified or absolute privilege.

Plaintiff argues that he does not need to plead malice or bad faith and he does not even assert that bad faith or malice exist in this case.  (*See generally* ECF 24 at 7-9.)   Plaintiff's Amended Complaint merely alleges that Defendant did the job it was hired to do—investigate an allegation of sexual assault against Plaintiff and report the results of its investigation to its client.  Plaintiff does not allege that Defendant fabricated or falsified the allegedly defamatory statements

or that it engaged in any other conduct suggesting malice or bad faith.  Instead, Plaintiff alleges that Defendant "heard" the statements (from unnamed third parties) in the course of its investigation and "republished these defamatory statements" in the attorney's report to their client. (ECF 21 ¶¶ 10, 12.)  Thus, Defendant merely reported to its client the results of its investigation—including statements made by witnesses—as Defendant was hired (and required) to do.

Plaintiff makes no allegation that Defendant included gratuitous, irrelevant or otherwise inappropriate statements in the report.  Indeed, the statements identified by Plaintiff as defamatory are precisely the type of statements that must be included in an investigative report into an allegation of sexual assault in the workplace.  In particular, Defendant's report included statements that the accuser said that Plaintiff sexually assaulted and harassed her and told her that "Nigerian men make good lovers."  (ECF 21 ¶ 10.)  The report also relayed statements made by other witnesses interviewed as part of the investigation, including that Plaintiff "often touches women in the workplace," "grabbed the arm of [a] female resident." and that he "may have issues with inappropriate touching."  (ECF 21 ¶ 10.)

Plaintiff also fails to address the two interests that Defendant asks the Court to uphold, namely: 1) the paramount importance of accurate and complete communications within the attorney-client relationship; and 2) the public policy in favor of addressing workplace misconduct, including sexual harassment and sexual assault.  (*See generally* ECF 25 at 7-9.)  Indeed, Plaintiff provides no argument as to why allowing his Amended Complaint to proceed would not have serious ramifications to both of these principles.

Plaintiff's analysis would place attorneys charged with investigating sexual harassment and other workplace misconduct in an impossible position.  Either ignore or strip from any investigation report (written or verbal) any negative statements or information about an employee,

including the alleged harasser, or face defamation and other claims of civil liability. Thus, Plaintiff's approach would mean that Defendant's investigative report into an alleged sexual assault should not include the accuser's accusation that Plaintiff sexually harassed and assaulted her or statements by other witnesses that Plaintiff inappropriately touched other women. (*See* ECF 21 ¶ 10.) Plaintiff's approach would impugn both the attorney-client relationship and the public policy in favor of thorough and accurate workplace investigations. Investigators of workplace misconduct, and in particular third-party investigators, must have the freedom to accurately report the results of their investigations to their clients. To allow such reports, in the absence of malice or bad faith, to give rise to civil liability will result in incomplete, inaccurate sham investigations where workplace misconduct is poorly investigated or not investigated at all for fear of litigation.

Such a result cannot be countenanced, especially when the investigation is into allegations of sexual assault. Employers must be able to investigate workplace misconduct, including hiring third parties to do so. Investigators of workplace misconduct must not be hamstrung in their investigations and must be able to accurately report what witnesses and accusers say to the investigators. That is all that Plaintiff alleges occurred here. Defendant's investigatory conduct must be protected by privilege to ensure that workplace investigations continue unimpeded.

## II.     CONCLUSION

For these reasons and the reasons set forth in Defendant's Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Amended Complaint (ECF 24), Plaintiff's Amended Complaint should be dismissed.

**DEFENDANT,**
**JACKSON LEWIS P.C.**

By:    */s/ James F. Shea*
        James F. Shea (ct16750)
        James.Shea@jacksonlewis.com
        Carolyn A. Trotta (ct30220)
        Carolyn.Trotta@jacksonlewis.com
        Jackson Lewis P.C.
        90 State House Square, 8th Floor
        Hartford, CT 06103
        P: (860) 522-0404
        F: (860) 247-1330

8

## **CERTIFICATION OF SERVICE**

This is to certify that on February 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.


*/s/ Carolyn A. Trotta*
Carolyn A. Trotta

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | March 7, 2022 |
| | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY ADDRESSING ERRORS AND DISTORTIONS IN DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, UCHECHUKWU EGBUJO (the "Plaintiff"), by and through his undersigned counsel and pursuant to the Court's Local Rule 7(d), hereby files his motion for leave to file a sur-reply addressing errors and distortions by Defendant, JACKSON LEWIS, P.C. (the "Defendant"), in its reply in support of the motion to dismiss the Amended Complaint, and states as follows:

Defendant recently filed a reply (Doc. No. 28, filed on February 22, 2022) in support of Defendant's motion to dismiss Plaintiff's Amended Complaint. The reply contains several errors, omissions, and outright distortions concerning Plaintiff's opposition to the motion to dismiss. This creates good cause for Plaintiff to file a sur-reply and ensure that the Court is not misled about the nature of Plaintiff's arguments or the facts and authorities supporting them.

Local Rule 7(d) grants the Court discretion to allow parties to file sur-replies "upon a showing of good cause." Good cause exists where a sur-reply adds clarity and reduces confusion surrounding previous filings. *See Telkamp v. Vitas Healthcare Corp.*

74

*Atl.*, No. 3:15-CV-726 (JCH), 2016 U.S. Dist. LEXIS 25232, at *12-*13 (D. Conn. Feb. 29, 2016). Good cause exists also where a sur-reply addresses "specific and limited legal and factual errors" in a previous filing. *Westchester Fire In. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005). Finally, good cause exists where a sur-reply identifies and addresses misrepresentations in a previous filing. *See Krivonos v. United States DOJ*, No. 11-CV-2729 (SLT) (LB), 2012 U.S. Dist. LEXIS 142593, at *23 n.6 (E.D.N.Y. Sept. 28, 2012); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2014 U.S. Dist. LEXIS 170259, at *13 (W.D.N.Y. Dec. 9, 2014).

In the present case, Defendant has filed a reply that impermissibly makes new dismissal arguments that Plaintiff did not have an opportunity to oppose[1] (and which are erroneous anyway); purports (but fails) to refute key points by Plaintiff; ignores Plaintiff's points and supporting authorities; distorts the allegations of the Amended Complaint; and repeats prior arguments while ignoring that Plaintiff already refuted them. These errors and distortions are addressed in more detail in Plaintiff's proposed sur-reply, which is attached hereto. Without reprinting all those errors and distortions here, they can be summarized as follows:

- Defendant asserts that the Amended Complaint does not allege publication of a defamatory statement to Norwalk Hospital's employees with sufficient particularity. This argument does not appear in the motion to dismiss and impermissibly goes beyond the scope of prior briefing. This argument also is wrong, as the pleading rules in this case are federal and

---

[1] New arguments in a reply brief that could have been asserted previously fall outside the scope of Local Rule 7(d) and should not be considered. *See This, LLC v. Jaccard Corp.*, No. 3:15-cv-1606 (JBA), 2016 U.S. Dist. LEXIS 196414 (D. Conn. Nov. 30, 2016) (citing *Burns v. Dep't of Public Safety*, 973 F. Supp. 2d 141, 157 (D. Conn. 2013); *Knipe v. Skinner*, 999 F. 2d 708, 711 (2d Cir. 1993)).

governed by Fed. R. Civ. P. 8, whereas Defendant relies on pleading requirements under Connecticut state law.

- Defendant asserts that the Amended Complaint does not allege publication of a defamatory statement to Norwalk Hospital's employees at all, though this allegation clearly is made in the Amended Complaint.

- Defendant purports (but fails) to refute Plaintiff's point that no Connecticut authority denies the existence of "publication" when an attorney repeats a defamatory statement to a client.

- Defendant purports (but fails) to refute Plaintiff's point that no Connecticut authority denies the existence of "publication" when a defamatory statement is made to a plaintiff's attorney.

- Defendant ignores Plaintiff's point that the (non-Connecticut) authority cited by Defendant concerning "publication" to a plaintiff's attorney is limited to narrow circumstances not alleged in the Amended Complaint.

- Defendant ignores Plaintiff's point that a privilege against defamation must be raised as an affirmative defense and supported by evidence, meaning that Plaintiff does not have to plead around the privilege with allegations of malice or bad faith.

- Defendant asserts that the attorney-client privilege is tantamount to a defamation privilege, ignoring Plaintiff's point that there is no Connecticut authority that supports this theory, and that there must be a connection with a judicial proceeding for any such privilege to arise under Connecticut law.

3

The purpose of filing arguments with the Court is to clarify the parties' positions and enable the Court to make informed decisions. Defendant's reply frustrates this objective, necessitating Plaintiff's sur-reply so that whatever decision the Court reaches, it is a sound one.

For the foregoing reasons, Plaintiff requests that the Court grant him leave to file the attached sur-reply.

**Attorney for Plaintiff**
_s/Clifford S. Thier_
Clifford S. Thier (CT Bar No. 21633)
Thier Law Offices, LLC
1007 Farmington Avenue, West Hartford, CT 06107
157 Church Street, New Haven, CT 06510
860.236.2600 ext: 707
cliffthier@thierlaw.com

## **CERTIFICATE OF SERVICE**

I, Clifford Thier, counsel for Plaintiff, hereby certify that this document was filed through

the CM/ECF system and will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF) on this 7th day of March, 2022.


**Carolyn A. Trotta**
Attorney At Law
Jackson Lewis PC
90 State House Square
Ste 8th Floor
Hartford, CT 06103-3708
860-522-0404
carolyn.trotta@jacksonlewis.com

**James F. Shea**
Attorney At Law
Jackson Lewis :PC
90 State House Square
Hartford, CT 06103-3708
860-522-0404
sheaj@jacksonlewis.com

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | March 7, 2022 |
| | : | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, UCHECHUKWU EGBUJO (the "Plaintiff"), by and through his

undersigned counsel and pursuant to the Court's Local Rule 7(d), hereby files his sur-

reply to the reply by Defendant, JACKSON LEWIS, P.C. (the "Defendant"), in support of

Defendant's motion to dismiss the Amended Complaint, and states as follows:

Defendant recently filed a reply (Doc. No. 28, filed on February 22, 2022) in

support of Defendant's motion to dismiss Plaintiff's Amended Complaint. The reply

contains new arguments that Plaintiff lacked the opportunity to oppose, along with

several errors, omissions, and distortions concerning Plaintiff's opposition to the motion

to dismiss.

Defendant asserts that the Amended Complaint does not identify the particular

employees of the Hospital who received the defamatory statements, supposedly

meaning that the Amended Complaint fails to plead with sufficient particularity to

withstand dismissal. Def. Reply at 3-4. This is a new dismissal argument that Defendant

failed to raise in its motion and memorandum (Doc. Nos. 23 & 24), and as such it should

be disregarded. *See This, LLC v. Jaccard Corp.*, No. 3:15-cv-1606 (JBA), 2016 U.S. Dist. LEXIS 196414 (D. Conn. Nov. 30, 2016) (citing *Burns v. Dep't of Public Safety*, 973 F. Supp. 2d 141, 157 (D. Conn. 2013); *Knipe v. Skinner*, 999 F. 2d 708, 711 (2d Cir. 1993)). Moreover, Defendant relies on Connecticut court decisions that impose a heightened pleading requirement, ignoring that this standard does not apply in federal court, where Fed. R. Civ. P. 8 governs pleading and does not justify dismissal of a defamation claim for lack of particularity. *See Allder v. American Airlines, Inc.*, No. H 81-915, 1982 U.S. Dist. LEXIS 14613, at *3-*4 (D. Conn. Aug. 24, 1982) (denying dismissal of defamation claim).

In a related argument, Defendant asserts that the Amended Complaint does not identify "unauthorized constituent" employees of Norwalk Hospital who received the statements, again supposedly meaning that the Amended Complaint fails to plead with sufficient particularity. Def. Reply at 4-5. This is another new dismissal argument that Defendant failed to raise in its motion, and (again) it ignores that heightened pleading requirements do not apply in federal court. Defendant also ignores Plaintiff's arguments and authorities, which show that the Hospital's "constituent" (managerial) employees *might* be treated as the Defendant's client if there is evidence that Defendant provided those employees with direct, personal representation. Pltff. Opp. (Doc. No. 25) at 5-6. Defendant treats this possibility as a certainty and presumes that Plaintiff must plead around it, for no apparent reason.

Defendant asserts that the Amended Complaint does not allege publication of a defamatory statement to Norwalk Hospital's employees *at all*. Def. Reply at 3. Yet the Amended Complaint (Doc. No. 21) alleges as follows in Paragraph 16:

It is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney. According to information and belief, other persons have seen the second report, and Plaintiff will identify those other persons during discovery.

The plain language of the foregoing Paragraph indicates that the uncertainty concerns persons **other than** Norwalk Hospital, its employees, and Plaintiff's attorney, who are the three known categories of persons to have received the relevant statements.

Defendant asserts that Plaintiff was incorrect when arguing that no Connecticut authority denies the existence of "publication" when an attorney repeats a defamatory statement to a client. Def. Reply at 2. Defendant cites *Trap Falls Realty Holding Ltd. P'ship v. Board of Tax Review*, 29 Conn. App. 97, 612 A.2d 814 (1992), a decision that does not concern a defamation claim or even the attorney-client relationship. As such, Plaintiff's argument indeed was correct and stands unrefuted.

Defendant asserts that Plaintiff was incorrect when arguing that no Connecticut authority denies the existence of "publication" when a defamatory statement is made to a plaintiff's attorney. Defendant cites no Connecticut authority for this argument, meaning that Plaintiff's argument indeed was correct and stands unrefuted.

Defendant ignores Plaintiff's point that the (non-Connecticut) authority cited by Defendant in its motion to dismiss concerning "publication" to a plaintiff's attorney is limited to narrow circumstances not alleged in the Amended Complaint. As such, the following argument by Plaintiff stands unrefuted:

Even if the Court were to follow these non-Connecticut decisions, one of them treats a plaintiff and his attorney as a single person only if the attorney is "representing [plaintiff] in the matter discussed in the communication." *Snyder v. AG Trucking*, 57 F.3d 484, 489 (6th Cir. 1995). This is the same, narrow approach that is taken in another decision cited

3

by Defendant where the defamatory statements were made as part of a settlement discussion and thus "pertain[ed] to the matter for which the attorney was retained." *Davis v. Progressive Universal Ins. Co.*, No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534, at *9 (D. Or. Oct. 13, 2020) (citing Snyder). Nothing in the Amended Complaint alleges that Plaintiff's attorney was representing Plaintiff in the underlying employment matter or was negotiating a settlement with Defendant, so again there is no basis for applying the doctrine that Defendant asks the Court to follow.

Pltff. Opp. at 6-7.

Defendant ignores Plaintiff's point that a privilege against defamation must be raised as an affirmative defense and supported by evidence, meaning that Plaintiff does not have to plead around the privilege with allegations of malice or bad faith. Pltff. Opp at 8-9. Instead, Defendant merely repeats that Plaintiff is obligated to plead malice and bad faith, leaving Plaintiff's point unrefuted. Def. Reply at 5-6. In a related argument, Defendant asserts that Plaintiff is obligated to allege that the Defendant added its own defamatory remarks to the ones appearing in the report it shared with third parties. Def. Reply at 6. This ignores that republication alone of a defamatory statement triggers liability for defamation. *See Hechtman v. Conn. Dep't of Pub. Health*, No. CV094043516, 2009 Conn. Super. LEXIS 3277, at *31-*34 (D. Conn. Dec. 3, 2009).

Finally, Defendant asserts that the attorney-client privilege is tantamount to a defamation privilege and bars the Amended Complaint. Def. Reply at 6-7. Defendant ignores Plaintiff's point that there is no Connecticut authority recognizing a privilege against defamation merely for attorney-client communications, and that there must be a connection with a judicial proceeding for any such privilege to arise under Connecticut law. Pltff. Opp. at 9-10.

4

82

The purpose of filing arguments with the Court is to clarify the parties' positions and enable the Court to make informed decisions. Defendant's reply frustrates this objective and is an attempt to generate confusion where none exists.

**Attorney for Plaintiff**
*s/Clifford S. Thier*
Clifford S. Thier (CT Bar No. 21633)
Thier Law Offices, LLC
1007 Farmington Avenue, West Hartford, CT 06107
157 Church Street, New Haven, CT 06510
860.236.2600 ext: 707
cliffthier@thierlaw.com

## **CERTIFICATE OF SERVICE**

I, Clifford Thier, counsel for Plaintiff, hereby certify that this document was filed through

the CM/ECF system and will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF) on this 7th day of March, 2022.

**Carolyn A. Trotta**
Attorney At Law
Jackson Lewis PC
90 State House Square
Ste 8th Floor
Hartford, CT 06103-3708
860-522-0404
carolyn.trotta@jacksonlewis.com

**James F. Shea**
Attorney At Law
Jackson Lewis :PC
90 State House Square
Hartford, CT 06103-3708
860-522-0404
sheaj@jacksonlewis.com

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C.[1] | : | |
| Defendant | : | MARCH 22, 2022 |
| | : | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-SUR-REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 7(b) and D. Conn. L. Civ. R. 7(d), Defendant Jackson Lewis P.C. respectfully moves for leave to file a Sur-Sur-Reply brief to address the arguments and errors in Plaintiff's Sur-Reply to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss.  (ECF 31.)

Good cause exists for a Sur-Sur-Reply to address significant misrepresentations and misconstructions in Plaintiff's Sur-Reply.  First, Plaintiff misconstrues Defendant's argument when he argues that Defendant raised a new dismissal argument in its Reply Memorandum as to the specificity of the Amended Complaint.  (ECF 31 at 1-2, 2-3.)  Second, Plaintiff again misconstrues Defendant's argument as saying that the Amended Complaint does not "identify 'unauthorized constituent' employees of Norwalk Hospital who received the statements."  (ECF 31 at 2.)  Defendant made no such argument.  Third, Plaintiff's arguments regarding the lack of Connecticut authority on these issues speaks to the frivolity of his claims.  Finally, Plaintiff incorrectly argues that Defendant failed to address whether "Plaintiff's attorney was representing Plaintiff in the underlying employment matter."  (ECF 31 at 3-4.)

---

[1] Jackson Lewis P.C. is incorrectly named as Jackson Lewis, P.C.

Defendants respectfully request leave from this Court to file a Sur-Sur-Reply.  A copy of the proposed Sur-Sur-Reply is attached hereto as Exhibit A.

**DEFENDANT,**
**JACKSON LEWIS P.C.**

By:   */s/ James F. Shea*
James F. Shea (ct16750)
James.Shea@jacksonlewis.com
Carolyn A. Trotta (ct30220)
Carolyn.Trotta@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

2

## <u>CERTIFICATION OF SERVICE</u>

This is to certify that on March 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*/s/ Carolyn A. Trotta*
Carolyn A. Trotta

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C.[1] | : | |
| Defendant | : | MARCH 22, 2022 |
| | : | |

## SUR-SUR-REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant submits this Sur-Sur-Reply to briefly address the errors in Plaintiff's Sur-Reply.

First, Plaintiff argues that Defendant raised a new dismissal argument in its Reply Memorandum as to the specificity of the Amended Complaint. (ECF 31 at 1-2, 2-3.) Plaintiff misconstrues Defendant's argument. Plaintiff's Amended Complaint alleges that Defendant published an allegedly defamatory statement to Norwalk Hospital—which is an entity and Defendant's client. (ECF 21 ¶¶ 12, 14.) Plaintiff also alleged that it is "[i]t is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney." (ECF 21 ¶¶ 16.) Plaintiff argues that this allegation alleges publication to Norwalk Hospital employees, which Plaintiff argues are not Defendant's client. (ECF 25 at 5.)

Whether the statement was "delivered to [other] persons" is irrelevant, however, because Plaintiff's basis of liability must be a publication by Defendant. If, for example, Plaintiff delivered the statement to other persons, there would be no basis for a defamation claim against Defendant. Plaintiff's contortions of the pleadings are an attempt to get around the fact that his allegations fail to establish publication by Defendant to a third party. But regardless of whether the allegations are of publication to "Norwalk Hospital" or "Norwalk Hospital's employees," Plaintiff fails to

---

[1] Jackson Lewis P.C. is incorrectly named as Jackson Lewis, P.C.

refute that Norwalk Hospital is Defendant's client and publication by an attorney to the attorney's client (even through its constituent employees) is not publication to a third party.

Second, Plaintiff again misconstrues Defendant's argument as saying that the Amended Complaint does not "identify 'unauthorized constituent' employees of Norwalk Hospital who received the statements." (ECF 31 at 2.)  Defendant made no such argument.  Instead, Defendant argued that Plaintiff failed to "allege that Defendant published the report to any unauthorized constituents of Norwalk Hospital."   The *identity* of any such non-existent unauthorized constituents is beside the point.   Plaintiff's allegations here are of nothing more than Defendant doing the job it was hired to do—investigate an alleged sexual assault in the workplace and report back to its client.  Plaintiff does not allege that such report was widely disseminated to individuals who were not authorized to receive it.  There is no liability for such a baseless claim.

Third, Plaintiff's arguments regarding the lack of Connecticut authority on these issues speaks to the frivolity of his claims.  Plaintiff fails to dispute the basic legal tenets of agency relationships and defamation claims as set forth in Defendant's Reply Memorandum.  (ECF 28 at 2.)

Finally, Plaintiff incorrectly argues that Defendant failed to address whether "Plaintiff's attorney was representing Plaintiff in the underlying employment matter." (ECF 31 at 3-4.)  As Defendant argued in its Reply Memorandum, "[t]here is no plausible reading of the Amended Complaint that Plaintiff's attorney was not representing Plaintiff." (ECF 28 at 2.)  Accordingly, publication to Plaintiff's attorney (Plaintiff's agent) constitutes publication to Plaintiff.

Plaintiff again fails to address the serious repercussions of allowing this claim to proceed when he alleges nothing more than Defendant fulfilled the public policy of investigating alleged workplace misconduct.  Plaintiff does not allege that Defendant acted improperly in conducting this investigation or that Defendant distributed its report to unauthorized individuals.  Allowing

90

Plaintiff's claim to proceed would open all investigators of workplace misconduct to claims of defamation merely for including in an investigation report what the investigator heard from witnesses.  That is precisely what must be included in an investigation report.  Otherwise, no real investigation was conducted at all.  That cannot be the result.  Plaintiff's defamation claim must be dismissed.

**DEFENDANT,**
**JACKSON LEWIS P.C.**

By:     */s/ James F. Shea*
        James F. Shea (ct16750)
        James.Shea@jacksonlewis.com
        Carolyn A. Trotta (ct30220)
        Carolyn.Trotta@jacksonlewis.com
        Jackson Lewis P.C.
        90 State House Square, 8th Floor
        Hartford, CT 06103
        P: (860) 522-0404
        F: (860) 247-1330

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C.[1] | : | |
| Defendant | : | MARCH 24, 2022 |
| | : | |

**<u>SUR-SUR-REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS</u>**

Defendant submits this Sur-Sur-Reply to briefly address the errors in Plaintiff's Sur-Reply.

First, Plaintiff argues that Defendant raised a new dismissal argument in its Reply Memorandum as to the specificity of the Amended Complaint. (ECF 31 at 1-2, 2-3.) Plaintiff misconstrues Defendant's argument. Plaintiff's Amended Complaint alleges that Defendant published an allegedly defamatory statement to Norwalk Hospital—which is an entity and Defendant's client. (ECF 21 ¶¶ 12, 14.) Plaintiff also alleged that it is "[i]t is uncertain whether the second report has been delivered to persons other than Norwalk Hospital, its employees, and Plaintiff's attorney." (ECF 21 ¶¶ 16.) Plaintiff argues that this allegation alleges publication to Norwalk Hospital employees, which Plaintiff argues are not Defendant's client. (ECF 25 at 5.)

Whether the statement was "delivered to [other] persons" is irrelevant, however, because Plaintiff's basis of liability must be a publication by Defendant. If, for example, Plaintiff delivered the statement to other persons (including his attorney), there would be no basis for a defamation claim against Defendant. Plaintiff's contortions of the pleadings are an attempt to get around the fact that his allegations fail to establish publication by Defendant to a third party. But regardless of whether the allegations are of publication to "Norwalk Hospital" or "Norwalk Hospital's

---

[1] Jackson Lewis P.C. is incorrectly named as Jackson Lewis, P.C.

employees," Plaintiff fails to refute that Norwalk Hospital is Defendant's client and publication by an attorney to the attorney's client (even through its constituent employees) is not publication to a third party.

Second, Plaintiff again misconstrues Defendant's argument as saying that the Amended Complaint does not "identify 'unauthorized constituent' employees of Norwalk Hospital who received the statements." (ECF 31 at 2.) Defendant made no such argument. Instead, Defendant argued that Plaintiff failed to "allege that Defendant published the report to any unauthorized constituents of Norwalk Hospital." The *identity* of any such non-existent unauthorized constituents is beside the point. Plaintiff's allegations here are of nothing more than Defendant doing the job it was hired to do—investigate an alleged sexual assault in the workplace and report back to its client. Plaintiff does not allege that such report was widely disseminated to individuals who were not authorized to receive it. There is no liability for such a baseless claim.

Third, Plaintiff's arguments regarding the lack of Connecticut authority on these issues speaks to the frivolity of his claims. Plaintiff fails to dispute the basic legal tenets of agency relationships and defamation claims as set forth in Defendant's Reply Memorandum. (ECF 28 at 2.)

Finally, Plaintiff incorrectly argues that Defendant failed to address whether "Plaintiff's attorney was representing Plaintiff in the underlying employment matter." (ECF 31 at 3-4.) As Defendant argued in its Reply Memorandum, "[t]here is no plausible reading of the Amended Complaint that Plaintiff's attorney was not representing Plaintiff." (ECF 28 at 2.) Accordingly, publication to Plaintiff's attorney (Plaintiff's agent) constitutes publication to Plaintiff.

Plaintiff again fails to address the serious repercussions of allowing this claim to proceed when he alleges nothing more than Defendant fulfilled the public policy of investigating alleged workplace misconduct. Plaintiff does not allege that Defendant acted improperly in conducting

this investigation or that Defendant distributed its report to unauthorized individuals. Allowing Plaintiff's claim to proceed would open all investigators of workplace misconduct to claims of defamation merely for including in an investigation report what the investigator heard from witnesses. That is precisely what must be included in an investigation report. Otherwise, no real investigation was conducted at all. That cannot be the result. Plaintiff's defamation claim must be dismissed.

DEFENDANT,
JACKSON LEWIS P.C.

By:    /s/ James F. Shea
James F. Shea (ct16750)
James.Shea@jacksonlewis.com
Carolyn A. Trotta (ct30220)
Carolyn.Trotta@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

This is to certify that on March 24, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Carolyn A. Trotta
Carolyn A. Trotta

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Uchechukwu EGBUJO | ) | 3:21-CV-01450 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JACKSON LEWIS, P.C. | ) | SEPTEMBER 29, 2022 |
| *Defendant*. | ) | |

## MEMORANDUM OF DECISION
## RE: DEFENDANT'S MOTION TO DISMISS *AMENDED COMPLAINT* (ECF NO. 23)

Kari A. Dooley, United States District Judge:

Plaintiff, Uchechukwu Egbujo ("Plaintiff"), commenced this defamation action against Defendant Jackson Lewis, P.C. ("Defendant"), in the Superior Court for the State of Connecticut. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, citing diversity of citizenship. Defendant is a law firm previously hired by Plaintiff's employer, Norwalk Hospital, to investigate allegations that Plaintiff had sexually assaulted or harassed another Norwalk Hospital employee. Plaintiff's defamation claim arises out of the reports Defendant submitted to its client, Norwalk Hospital, which included allegedly defamatory statements relayed to Defendant by Norwalk Hospital employees. Pending before the Court is Defendant's motion to dismiss the Amended Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, Defendant's motion to dismiss is GRANTED.

## Standard of Review

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), the "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to

---

[1] On December 20, 2021, Defendant filed a Motion to Dismiss the Complaint, after which Plaintiff filed an Amended Complaint on January 7, 2022. *See* ECF Nos. 20, 21. Defendant filed the instant Motion to Dismiss the Amended Complaint on January 21, 2022. *See* ECF No. 23.

1

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 556). At this stage "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Twombly*, 550 U.S. at 555–56. On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (quotation marks, alterations, and citation omitted). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Ashcroft*, 556 U.S. at 678.

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint. . . ." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). However, the Court also "may consider documents attached to the complaint or incorporated into [it] by reference." *Salerno v. City of Niagara Falls*, No. 20-3749-CV, 2021 WL 4592138, at *1 (2d Cir. 2021) (internal quotation marks omitted); see *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ("[F]or purposes of a motion to dismiss, we have deemed

a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

## Allegations

The Court accepts as true the allegations in Plaintiff's Amended Complaint, which are as follows. While a medical resident at Norwalk Hospital, another medical resident accused Plaintiff of sexual assault. Am. Compl. ¶ 5. In response, Norwalk Hospital hired Defendant to investigate that accusation. *Id.* at ¶ 7. Two of Defendant's employees conducted the investigation, interviewing the accuser, the accused and other Norwalk Hospital employees. *Id.* at ¶¶ 8, 9. During its investigation, Defendant heard "several false, defamatory" statements[2] about Plaintiff, which were republished in a written report produced for the client, Norwalk Hospital. *Id* at ¶¶ 10, 12. Defendant also submitted a second report to Norwalk Hospital in which it again republished these defamatory statements. *Id.* at ¶ 14. Defendant also transmitted the second report to Plaintiff's attorney. *Id.* Plaintiff alleges, on information and belief, that other persons have seen the second report. *Id.* at 16. And as a result of Defendant's republication of the defamatory statements, Plaintiff has suffered harm to his career and reputation. *Id.* at ¶ 18.

## Discussion

Plaintiff would have this Court conclude that an attorney hired to investigate employee misconduct may be found liable for defamation to that employee, if, following the conclusion of the investigation, the attorney discloses to the employer the content of witness statements made during the investigation. The law does not support such a conclusion, and indeed precludes any such holding.

---

[2] These statements include: (1) that Plaintiff "sexually harassed" the accuser; (2) that Plaintiff "assaulted" the accuser; (3) that Plaintiff "often touches women in the workplace"; and (4) that Plaintiff "may have issues with inappropriate touching," among others. *Id.* at ¶ 10.

Defendant first argues that Plaintiff has not plead a prima facie case of defamation because he did not adequately allege that Defendant published any defamatory statements to a third party. Alternatively, Defendant argues that even if Plaintiff's allegations of publication are sufficient, Defendant's statements to its client are entitled to a qualified privileged. Plaintiff disagrees with both assertions.

*Defamation*

A defamatory statement is a "communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him…" *Bailey v. Nexstar Broadcasting*, *Inc.*, NO. 3:19-cv-00671 (VLB), 2020 WL 1083682, at *5 (D. Conn. Mar. 6, 2020). "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Simms v. Seaman*, 308 Conn. 523, 547–48, 69 A.3d 880 (2013).[3] The test of a defamation complaint's sufficiency is "whether it is detailed and informative enough to enable [a] defendant to respond…" *Kelly v. Schmidberger*, 806 F.2d 44,46 (2d Cir. 1986). Thus, a plaintiff must plead "what defamatory statements were made…when they were made, and to whom they might have been made." *Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 128 (D. Conn. 1997). And to "constitute a publication it is necessary that the defamatory matter be communicated to someone other than the person defamed." Restatement, Torts § 577 (1938).

---

[3] Although not relevant here, defamation claims also require a showing of falsity, as communications of true statements do not constitute defamation. *See Gleason v. Smolinski*, 319 Conn. 394, 431, 125 A.3d 920 (2015) ("It is well settled that for a claim of defamation to be actionable, the statement must be false…").

Defendant asserts that Plaintiff has not and cannot plausibly allege that any defamatory statements were published to a third person, which Defendant argues is fatal to his claim. *See Telkamp v. Vitas Healthcare Corp. Atlantic*, No. 3:15-CV-726 (JCH), 2016 WL 777906, at *17 (D. Conn. Feb. 29, 2016) (dismissing a defamation claim where the plaintiff did not plead facts from which the court could conclude that statements were published to a third party); *Alvarado v. PBM, LLC*, No. 3:21CV01481 (SALM), 2022 WL 3566630, at *5 (D. Conn. Aug. 18, 2022) (dismissing a defamation claim where the plaintiff did not identify any "third party" nor could one be inferred from the allegations of the complaint); *Bailey v. Nexstar Broadcasting, Inc.,* No. 3:19-cv-00671 (VLB), 2020 WL 1083682, at *6 (finding sufficient publication where a defendant corporation internally distributed statements to management and shared circumstances of plaintiff's termination with his former co-workers orally and in writing).

Plaintiff's primary theory of publication is that Defendant's communication with its own client, Norwalk Hospital, constitutes publication to a third party. He is wrong. Fundamental principles of agency[4] recognized in the law of Connecticut defeat this theory. The lawyer-client relationship is one of agent-principal. *See U.S. v. Int' Broth. Of Teamsters*, *Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 986 F.2d 15, 20–21 (2d Cir. 1993). An attorney is the client's agent. *See Ackerman v. Sobol Family Partnership, LLP,* 298 Conn. 495, 509–11, 4 A.3d 288 (2010). As such, any knowledge the agent has is imputed to the client. *West Haven v. U.S. Fidelity & Guaranty Co.,* 174 Conn. 392, 395 A.2d 741 (1978) ("[N]otice to, or knowledge of, an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal."). It follows that any information

---

[4] Agency is the "fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *See* Restatement (Second) of Agency § 1 (1958).

gained by Defendant during its investigation was already imputed to Norwalk Hospital.[5] Defendant's presentation of the report of its investigation to Norwalk Hospital, therefore, cannot constitute publication to a third party for purposes of Plaintiff's defamation claim. In communicating with its principal/client, Defendant was, in essence, communicating with itself. *See, Hoch v. Loren,* 273 So. 3d 56, 59 (Fla. 4th DCA 2019) (dismissing defamation claim against attorney because the purportedly defamatory communication between the attorney and his client was "tantamount to the principal talking to itself.").[6]

Putting aside the unassailable principles of agency, Connecticut law has not recognized a defamation claim based upon communications between an attorney and a client when such communications were had within the context of and in relation to the purpose for which the attorney was hired. Plaintiff cites no authority to the contrary. And the likely reason seems particularly obvious in the context of allegations of sexual harassment or assault in the workplace insofar as Title VII imposes a duty on an employer to act on such allegations. *Stockley v. AT&T Info. Sys., Inc.,* 687 F. Supp. 764, 769, 768–80 (E.D.N.Y. 1988). Indeed, the Equal Employment Opportunity Commission's *Guidelines of Discrimination Because of Sex* indicate that an employer, upon receiving notice or otherwise becoming aware of alleged harassment must take "prompt remedial action reasonably calculated to end sexual harassment." 29 C.F.R. § 1604.11.

---

[5] Plaintiff alleges that "[a]ccording to information and belief, other persons have seen the second report," but neither identifies those other persons nor alleges that Defendant published the report *to* those unidentified persons. *See* Am. Compl. ¶ 16. He further notes that he is "uncertain" if the second report was published to persons outside of Norwalk Hospital and his attorney. *Id.*

[6] Plaintiff takes issue with Defendant's citation to *Hoch* as an inappropriate effort to import Florida law into Connecticut. Pl. Opp. Mem., ECF No. 25, at 5. However, both Connecticut law and Florida law require publication to a third party to establish a claim for defamation. *See, e.g., Solis v. Okeechobee Shooting Sports, LLC*, No. 19-14440-CIV-ROSENBERG/MAYNARD, 2020 WL 3089094, at *3 (S.D. Fl. Mar. 26, 2020). And both recognize the principles of agency discussed herein. *See Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, No. 11-CIV-24611-SEITZ, 2016 WL 950952, at *10 (S.D. Fla. Mar. 7, 2016) (finding that under established agency and attorney-client principles, an attorney's knowledge is imputed to his client); *see also First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1060 (11th Cir. 1990) ("[T]he general rule is that a principal is chargeable with and bound by the knowledge of his agent while acting within the scope of his authority.").

And "[t]he importance of a thorough investigation cannot be overstated."[7] *Creating a Harassment-Free Workplace*, SE42 ALI-ABA at 1139.

      To that end, attorneys hired by employers to conduct such an investigation must be able to collect and convey the findings without fear of defamation lawsuits.[8] The alternative would chill the well-established public policy in favor of "full and frank communications between attorneys and their clients." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 105 S. Ct. 1986; *see also McLaughlin v. Freedom of Information Comm'n*, 83 Conn. App. 190, 194–95, 850 A.2d 254 (2004). It would also interfere with the well-recognized public policy against sexual harassment in the workplace. *See Newsday, Inc. v. Long Island Typographical Union*, *No. 915, CWA, AFL-CIO*, 915 F.2d 840, 844 (2d Cir. 1990); *see also State v. AFSCME, Council 4, Local 391*, 125 Conn. App. 408, 416, 7 A.3d 931 (2010) (finding that a "well-defined and dominant public policy against sexual harassment in the workplace" could be explicitly discerned from Connecticut law). In sum, Plaintiff's theory of liability is advanced without any recognized authority under Connecticut law. It also runs counter to well-established and long-standing public policy in the state of Connecticut in favor of promoting unfettered attorney-client communications as well as reducing sexual harassment in the workplace. And in Connecticut, public policy often establishes the limits and contours of liability under the law. *See e.g., Greenwald v. Van Handel,* 311 Conn. 370, 88 A.3d 467 (2014) (Prohibiting medical malpractice action against a social worker because it would violate the public policy of the state to impose liability under the particular facts of the case, i.e., plaintiff sought compensation for injuries arising from the patient's volitional criminal conduct.); *Streifel v. Bulkley*, 195 Conn. App. 294, 224 A.3d 539 (Nurse's suit against a

---

[7] Indeed, many employers claim and preserve attorney-client and work product privileges in connection with oral or written investigation reports. *See Creating a Harassment-Free Workplace*, SE42 ALI-ABA 1125, 1139 (1999).

[8] The Court notes here that Plaintiff specifically alleges that the "administration of Norwalk Hospital hired Defendant to investigate the accusations and **report back** to said administration." Am. Compl. at ¶ 7 (emphasis added).

patient sounding in negligence was prohibited because public policy considerations weighed against imposing a duty of care on a patient to prevent injury to a medical provider during the provision of medical care.); *Wilson v. City of New Haven*, NNHCV106010876, 2017 WL 2111375, at *7 (Conn. Super. Ct. Apr. 19, 2017) (cause of action for wrongful death permitted because public policy places a duty on police officers to procure medical assistance for citizens in their custody even though the need for medical assistance derives from the citizen's illegal conduct). Accordingly, absent some indication from the appellate courts of the State of Connecticut that the circumstances alleged give rise to liability in defamation, the Court declines Plaintiff's invitation to recognize this novel and untested theory of defamation liability.[9]

Plaintiff alternatively argues that Defendant's communication with Plaintiff's attorney amounted to publication to a third party. But the agency principles discussed above also defeat this theory. Plaintiff and his attorney are in an agent-principal relationship. *See supra, Ackerman*, 298 Conn. at 509–11. Transferring information to Plaintiff's attorney is one in the same as transferring information directly to Plaintiff. *See supra*, *West Haven* 174 Conn. at 395; *see also* Deborah A. DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301, 308 (1998) ("Within the scope of the representation, what the lawyer knows the client is deemed to know" because the "lawyer's duties

---

[9] Defendant advances these policy arguments in the context of an argument that the communications are entitled to a qualified privilege under Connecticut law. In light of the agency principles discussed above, and in the absence of any authority supporting Plaintiff's theory of liability, the Court need not determine whether the circumstances alleged implicate a qualified privilege. That said, the Court notes that there is a strong federal policy favoring vigorous enforcement of federal civil rights statutes such as Title VII. *See Stockley*, 687 F. Supp. at 769. And private efforts to irradicate employment discrimination and harassment would be "undermined if statements made during investigations were not protected by a qualified privilege." *Id.* And the Connecticut Supreme Court has recognized, as a matter of law, that there is an intra-corporate communications privilege that applies to a report produced during an internal investigation. *Torosyan v. Boehringer Ingelheim Pharms, Inc.,* 234 Conn. 1, 29, 662 A.2d 89 (1995) The Court sees no reason why the intra-corporate communication privilege would not extend to the corporation's agents, to include its attorneys. Notwithstanding, the question of qualified privilege also requires an assessment of whether the privilege, under the circumstances alleged, was abused, thus removing any protection it might have otherwise afforded. *See id.* at 30. While the Amended Complaint does not appear to include any allegations from which an abuse of the privilege might be gleaned, the Court, for the reasons discussed above, does not reach these issues.

to the client…are grounded in agency.")[10] And no action for defamation exists where a defendant publishes the defamatory statements only to the plaintiff. *See Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217, 837 A.2d 759 (2004).

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 23) is GRANTED. The Clerk of Court is directed to enter judgment in favor of the Defendant and close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of September 2022.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff argues that there is no basis to conclude that the communication with Plaintiff's counsel was made in the course of the attorney's representation of Plaintiff *vis a vis* the investigation into his workplace misconduct. The Court finds this argument, at best, disingenuous. The *only* inference to be drawn from the Amended Complaint is that Plaintiff's attorney, to whom the allegedly defamatory statements were communicated, was retained in connection with the allegations of misconduct.