DOCKET NO. 222854

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

---

UCHECHUKWU EGBUJO,

Plaintiff-Appellant,

-v.-

JACKSON LEWIS, P.C.,

Defendant-Appellee.

---

On Appeal From The
United States District Court, District Of Connecticut
U.S. District Court Case No. 3:21-CV-01450-KAD

---

**REPLY BRIEF OF PLAINTIFF-APPELLANT**

---

**APPEARANCES:**

Clifford Thier, Esq.
Thier Law Offices, LLC
1007 Farmington Avenue
West Hartford, CT 06107
Telephone: 860-236-2600
Facsimile: 860-231-1052
Email: cliffthier@thierlaw.com
**Attorney for Plaintiff-Appellant**

James F. Shea, Esq.
Jackson Lewis, P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Telephone: 860-522-0404
Facsimile: 860-247-0330
Email: James.Shea@jacksonlewis.com
**Attorney for Defendant-Appellee**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................ i

TABLE OF AUTHORITIES ................................................... ii

INTRODUCTION .............................................................. 1

ARGUMENT ................................................................... 2

    A. Jackson Lewis fails to refute that the Amended Complaint
       sufficiently alleges republication of defamatory statements
       to third-party employees .......................................... 2

    B. Jackson Lewis fails to refute that the Amended Complaint
       sufficiently alleges republication of defamatory statements
       to Dr. Egbujo's counsel ........................................... 5

    C. Jackson Lewis fails to refute that the Amended Complaint cannot be
       dismissed based on the alleged existence of qualified or absolute
       privileges ........................................................ 9

    D. Jackson Lewis fails to refute that the District Court's main rationale
       for dismissal is mistaken and unsupported by applicable law ................. 14

CONCLUSION ................................................................. 16

CERTIFICATE OF COMPLIANCE ......................................... 18

ii

# TABLE OF AUTHORITIES

<u>Page</u>

**CASES**

*Ackerman v. Sobol Family P'ship, LLP*,
   298 Conn. 495, 4 A.3d 288 (2010) ................................................... 7

*Allder v. American Airlines, Inc.*,
   No. H 81-915, 1982 U.S. Dist. LEXIS 14613
   (D. Conn. Aug. 24, 2018) ............................................................. 3

*Commodity Futures Trading Comm'n v. Weintraub*,
   471 U.S. 343, 105 S. Ct. 1986 (1985) ......................................... 12

*Cweklinsky v. Mobil Chem. Co.*,
   267 Conn. 210 (2004) ......................................................... 6, 8, 15

*Davis v. Progressive Universal Ins. Co.*,
   No. 3:20-cv-00947-JR, 2020 U.S. Dist. LEXIS 251534
   (D. Or. Oct. 13, 2020) ............................................................... 5

*Domitz v. City of Long Beach*,
   737 F. App'x 589 (2d Cir. 2018) ............................................... 14

*Dynamic Air, Inc. v. Boccard*,
   Civ. No. 01-2148 (JNE/JGL)
   (D. Minn. Sep. 4, 2003) ............................................................ 12

*Gallo v. Barile*,
   284 Conn. 459 (Conn. 2008) ..................................................... 11

*Gruss v. Zwirn*,
   276 F.R.D. 115 (S.D.N.Y. 2011) ................................................ 13

*Kopperl v. Bain*,
No. 3:09-CV-1754 (CSH), 2010 U.S. Dist. LEXIS 89195
(D. Conn. Aug. 30, 2010) ............................................................... 16

*Lane v. United Electric Light & Water Co.*,
88 Conn. 670 (1914) ....................................................................... 7

*McKenna v. Wright*,
386 F.3d 432 (2d Cir. 2004) ......................................................... 14

*Morron v. City of Middletown*,
464 F. Supp. 2d 111 (D. Conn. 2006) .......................................... 14

*Pani v. Empire Blue Cross Blue Shield*,
152 F.3d 67 (2d Cir. 1998) .................................................. 4, 7, 14

*Pryor v. Brignole*,
No. HHDCV156059311S, 2016 Conn. Super. LEXIS 426
(Super. Ct. Mar. 8, 2016)........................................................ 11, 12

*Snyder v. AG Trucking*,
57 F.3d 484 (6th Cir. 1995) ........................................................... 5

*Springdale Donuts, Inc. v. Aetna Cas. & Sur. Co.*,
247 Conn. 801 (1999)...................................................................... 6

*State v. Afscme, Council 4, Local 391*,
309 Conn. 519 (2013)................................................................... 12

*Stevens v. Helming*,
No. NNHCV116019393S, 2012 Conn. Super. LEXIS 438
(Feb. 10, 2012) ............................................................................. 14

iv

*Torosyan v. Boehringer Ingelheim Pharms, Inc.*,
234 Conn. 1 (1995).......................................................................... 11

*Trap Falls Realty Holding Ltd. P'ship v. Board of Tax Review of Shelton*,
29 Conn. App. 97 (1992)............................................................. 6, 8

*Walton v. Bromberg & Co.*,
514 So. 2d 1010 (Ala. 1987) ........................................................ 7

**MISCELLANEOUS**

Deborah A. DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301 (1998) ......... 9

# INTRODUCTION

Plaintiff-Appellant, Uchechukwu Egbujo ("Dr. Egbujo"), filed his appeal because the District Court committed multiple errors when dismissing his Amended Complaint for defamation against Defendant-Appellee, Jackson Lewis, P.C. ("Jackson Lewis"). All these errors stem from the District Court's unsupported conclusion that the Amended Complaint fails to allege publication of defamatory statements to a third party:

- The District Court did not address whether the alleged publication of defamatory statements to employees of Norwalk Hospital ("Hospital") constitutes publication to a third party.

- The District Court did not address whether the alleged publication of defamatory statements to Dr. Egbujo's attorney constitutes publication to a third party.

- The District Court did not address whether any qualified or absolute privilege must be pleaded in an Answer rather than in a motion to dismiss, especially considering that the Amended Complaint does not allege any facts supporting a defamation privilege.

- The District Court focused on a rationale that the Hospital is a client of Jackson Lewis and cannot be treated as a third party for purposes of

defamation, even though this rationale ignores the other alleged third parties and is not supported by any Connecticut precedent.

Jackson Lewis has filed an Answer Brief that likewise does not refute any of these critical errors but talks past them by repeating flawed arguments already made to the District Court. This Court is left with no basis to justify dismissal of the Amended Complaint, whose allegations state a valid cause of action for defamation.

## ARGUMENT

Jackson Lewis does not refute Dr. Egbujo's points and authorities showing that the Amended Complaint indeed states a valid cause of action by alleging publication of defamatory statements to third parties. The District Court committed error when dismissing the Amended Complaint.

**A. Jackson Lewis fails to refute that the Amended Complaint sufficiently alleges republication of defamatory statements to third-party employees.**

In his Initial Brief, Dr. Egbujo explained that the Amended Complaint alleges that Jackson Lewis republished defamatory statements to Hospital employees, who cannot be regarded as "clients" of Jackson Lewis and must be treated as third parties even if the Hospital (as a client) cannot be. Appellant's Initial Brief at 7, 13. Dr. Egbujo also explained that the only exception to this rule is if the employees are "constituent" (managerial) employees, but the Amended

2

Complaint contains no allegations that trigger this exception or justify dismissal. Appellant's Initial Brief at 13.

Jackson Lewis ignores this critical issue for most of its brief:

1) Jackson Lewis argues that the Amended Complaint fails to identify the specific employees and that the District Court agreed that such identification is necessary. Doc. No. 83 at 14. This skips over Dr. Egbujo's point that there is no heightened pleading requirement that obligates him to identify third parties who received the alleged defamatory statements. Rule 8 of the Federal Rules of Civil Procedure governs the pleadings and does not justify dismissal of a defamation claim for lack of such particularity. *See Allder v. American Airlines, Inc.*, No. H 81-915, 1982 U.S. Dist. LEXIS 14613, at *3, *4 (D. Conn. Aug. 24, 1982) (denying dismissal of defamation claim).

2) Jackson Lewis argues that allegations about "other persons" who may have seen the defamatory statements do not adequately demonstrate publication by Jackson Lewis. Doc. No. 83 at 13-15. This contention has nothing to do with the alleged publication by Jackson Lewis to Hospital employees—and it is not even one of the errors discussed in Dr. Egbujo's Appellate Brief.

3) Jackson Lewis argues that the Amended Complaint fails to allege that those employees were not authorized to view the defamatory statements. Doc. No. 83 at 15. This claim is not relevant. Again, the allegation that Jackson Lewis published defamatory statements to Hospital employees states a valid cause of action, there being no allegation that these were constituent employees who must be treated as clients for purposes of the District Court's rationale. Jackson Lewis wants this Court to believe that the employees must be *presumed* to be constituent employees, and that Dr. Egbujo bears the burden of pleading around that presumption. This turns the rules of pleading on their head and ignores that dismissal must be based on what appears within the four corners of a complaint, as stated in Jackson Lewis's own cited decision of *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) ("a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference") (citations omitted). Since the Amended Complaint makes no allegation that the employees were "constituent employees," there is no basis to treat them as such for purposes of a motion to dismiss. If Jackson Lewis has evidence that the employees are "constituent," such evidence should be presented in a motion for summary judgment. What the District Court has

4

no authority to do is presume that such evidence exists and based on that
presumption, to dispose of the Amended Complaint.

4) Jackson Lewis fails to refute that the Amended Complaint adequately
   alleges publication of defamatory statements to third-party employees of
   the Hospital. On this basis alone, reversal is warranted because the
   District Court committed clear error in finding that the Amended
   Complaint fails to allege publication of defamatory statements to a third
   party.

**B.     Jackson Lewis fails to refute that the Amended Complaint sufficiently
        alleges republication of defamatory statements to Dr. Egbujo's counsel.**

In his Amended Complaint, Dr. Egbujo also alleges that Jackson Lewis
republished defamatory statements to Dr. Egbujo's attorney, who likewise must be
treated as a third party. Initial Brief at 16. As Dr. Egbujo elaborated, Jackson
Lewis cited no Connecticut authority treating a plaintiff and his attorney as a single
entity for purposes of a defamation claim, and the non-Connecticut authority cited
by Jackson Lewis recognizes that **a plaintiff and his attorney will be treated as
separate entities** unless the attorney represented the plaintiff in the underlying
matter. But there is no allegation of such representation in the Amended
Complaint. Initial Brief at 16, 45 (citing *Snyder v. AG Trucking*, 57 F.3d 484 (6th
Cir. 1995) and *Davis v. Progressive Universal Ins. Co.*, No. 3:20-cv-00947-JR,
2020 U.S. Dist. LEXIS 251534 (D. Or. Oct. 13, 2020)).

Jackson Lewis responds to Dr. Egbujo's points by ignoring the decisions it had cited, arguing instead that the general agency principles recited by the District Court justify treating Dr. Egbujo and his attorney as a single entity for purposes of a defamation claim. Doc. No. 83 at 9-11. This is evasion rather than refutation, as highlighted by Jackson Lewis's citation to decisions that are off-point and irrelevant:

- *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210 (2004). This decision does not hold that a plaintiff must be treated as the same person as his attorney but denies relief to a plaintiff who published the defendant's defamatory statements to prospective employers.

- *Springdale Donuts, Inc. v. Aetna Cas. & Sur. Co.*, 247 Conn. 801 (1999). This decision notes that publication of a defamatory statement must be made to a third party to support a cause of action, something neither party disputes here. The decision, however, says nothing as to whether a plaintiff's attorney should or should not be treated as a third party for purposes of a defamation claim.

- *Trap Falls Realty Holding Ltd. P'ship v. Board of Tax Review of Shelton*, 29 Conn. App. 97 (1992). This decision does not concern a defamation claim and says nothing as to whether a plaintiff's attorney should or should not be treated as a third party for purposes of such a claim.

6

- *Lane v. United Electric Light & Water Co.*, 88 Conn. 670 (1914). This decision does not concern a defamation claim and says nothing as to whether a plaintiff's attorney should or should not be treated as a third party for purposes of such a claim.

- *Ackerman v. Sobol Family P'ship, LLP*, 298 Conn. 495, 4 A.3d 288 (2010). This decision does not concern a defamation claim and says nothing as to whether a plaintiff's attorney should or should not be treated as a third party for purposes of such a claim.

- *Walton v. Bromberg & Co.*, 514 So. 2d 1010 (Ala. 1987). This decision discusses whether a principal may be liable for an agent's defamatory statements to third parties, *not* whether a third party may be liable for defamatory statements to an agent.

Jackson Lewis then argues that the District Court may simply *presume* that Dr. Egbujo's attorney represented Dr. Egbujo in the underlying dispute with the Hospital, thereby triggering the doctrine that there has been no publication to a third party. Doc. No. 83 at 11. This resembles the earlier argument in which Jackson Lewis asserted that the District Court may simply *presume* that the employees who received the defamatory statements were constituent employees. The argument rings just as hollow here, as the District Court cannot venture beyond the four corners of the Amended Complaint in this way. *Pani*, 152 F.3d at

7

71. Jackson Lewis latches onto the phrase "Plaintiff's attorney" in the Amended Complaint as somehow supporting the presumption. Doc. No. 83 at 11. Yet there is no allegation in the Amended Complaint that Dr. Egbujo even hired an attorney to represent him in the dispute with the Hospital in 2019, let alone that any such attorney is the attorney currently representing him in this defamation lawsuit.

Next, Jackson Lewis argues that it makes no difference whether Dr. Egbujo's current attorney represented Dr. Egbujo in the underlying dispute with the Hospital, and that general agency principles require treating the two individuals as a single entity regardless of context. Doc. No. 83 at 11, 12. This argument again ignores Jackson Lewis's own cited authority holding that a plaintiff and his attorney will not be treated as a single entity unless the attorney represented the plaintiff in both the underlying matter and the ensuing defamation claim. Rather than discuss that authority, Jackson Lewis again cites *Trap Falls*, 29 Conn. App. 97, which is off-point and irrelevant for reasons already stated.

Next, Jackson Lewis again cites *Cweklinsky*, 267 Conn. 210, to argue that publishing a defamatory statement to a plaintiff's attorney amounts to publishing the statement to the plaintiff rather than to a third party. Doc. No. 83 at 12. There is no such holding in *Cweklinsky*. As explained above, the decision does not hold that a plaintiff must be treated as the same person as his attorney but denies relief to a

8

plaintiff who published the defendant's defamatory statements to prospective employers.

Finally, Jackson Lewis defends the District Court's citation to a law review article to support the agency principles discussed in the District Court's Order of Dismissal, arguing that courts can and often do cite such articles. Doc. No. 83 at 12, 13. This ignores the glaring problems with that particular article—Deborah A. DeMott, *The Lawyer as Agent*, 67 Fordham L. Rev. 301 (1998)—which does not analyze publication of a defamatory statement to a plaintiff's (or anyone's) attorney, does not deal with Connecticut law, and is outdated. While the article might do a good job of describing general agency principles, it does not address the specific assertion by the District Court that Dr. Egbujo lacks a valid claim for defamatory statements made to his attorney. Neither the District Court nor Jackson Lewis has cited authority for that proposition. To the contrary, Jackson Lewis cites authority showing that Dr. Egbujo has indeed stated a valid claim, meaning that the District Court erroneously dismissed the Amended Complaint.

**C.    Jackson Lewis fails to refute that the Amended Complaint cannot be dismissed based on the alleged existence of qualified or absolute privileges.**

The District Court relied on legal privileges to dismiss the Amended Complaint—reliance which is erroneous for four reasons:

1) The alleged communications with third parties such as Hospital employees or Dr. Egbujo's counsel are not subject to an attorney-client privilege.

2) Even where the attorney-client privilege might apply, this is not the same as a defamation privilege, and neither the District Court nor Jackson Lewis cites Connecticut authority treating those privileges as the same.

3) The Amended Complaint makes no allegation that might trigger a defamation privilege with regard to a judicial proceeding. Instead, the Amended Complaint alleges that the defamatory statements were *not* made within or in connection with a judicial proceeding (an allegation that must be taken as true at this stage).

4) A privilege must be pleaded in an Answer rather than offered as grounds for dismissal.

Initial Brief at 18 (citations omitted).

In response to Dr. Egbujo, Jackson Lewis engages in the familiar approach of *presuming* that a privilege exists and applies, shifting the burden to Dr. Egbujo to plead around such privilege to survive dismissal. Doc. No. 83 at 16-20. Yet nowhere in its lengthy argument does Jackson Lewis cite a decision shifting the burden in this way or holding that a defamation claim may be dismissed on the

10

basis of a privilege. Instead, Jackson Lewis unleashes additional irrelevant authority and argument to generate confusion.

Jackson Lewis argues that the Connecticut Supreme Court has recognized an intra-corporate communications privilege that applies to a report produced during an internal investigation. Doc. No. 83 at 17 (citing *Torosyan v. Boehringer Ingelheim Pharms, Inc.*, 234 Conn. 1, 29 (1995)). Yet *Torosyan* does not concern dismissal of a complaint, but analyzes a judgment entered after findings of fact based on evidence. Nor does the decision analyze defamatory statements to third parties who are not clients.

Jackson Lewis argues that all the elements of a qualified privilege exist here and apply to the Amended Complaint. Doc. No. 83 at 17 (citing *Gallo v. Barile*, 284 Conn. 459, 464 n.6 (Conn. 2008)). Yet *Gallo* does not concern dismissal of a complaint or even attorney-client communications, but summary judgment with regard to statements in connection with judicial proceedings and statements to police as part of a criminal investigation. And another decision that Jackson Lewis cites—*Miles v. Perry*, 11 Conn. App. 584 (1987)—concerns a judgment after a trial that dealt with statements of "public concern" or "official duties," not attorney-client communications.

Jackson Lewis argues that "[a]pplying a qualified privilege would uphold the interest of the attorney-client relationship." Doc. No. 83 at 17 (citing *Pryor v.*

11

*Brignole*, No. HHDCV156059311S, 2016 Conn. Super. LEXIS 426 (Super. Ct.

Mar. 8, 2016)). Yet *Pryor* helps Dr. Egbujo because the court *declined* to strike a

defamation claim on the basis of a qualified privilege.

Jackson Lewis argues that "applying the qualified privilege would uphold

the state and federal interest in addressing workplace misconduct, including sexual

harassment and sexual assault." Doc. No. 83 at 18 (citing *State v. Afscme, Council*

*4, Local 391*, 309 Conn. 519 (2013)). Yet *State* concerns an appeal following a

judgment, not a dismissal, and it does not even deal with a defamation claim or a

qualified privilege. Another decision cited by Jackson Lewis—*Commodity Futures*

*Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986 (1985)—concerns

an appeal from an interlocutory order rather than a dismissal, and it has nothing to

do with defamation (the cited portion states merely that the attorney-client

privilege applies to corporations).

Jackson Lewis argues that "the alleged defamatory statement was made on

the proper occasion because Jackson Lewis's investigation report was provided to

Defendant's client in response to the client's request." Doc. No. 83 at 19 (citing

*Dynamic Air, Inc. v. Boccard*, Civ. No. 01-2148 (JNE/JGL) (D. Minn. Sep. 4,

2003)). Yet *Dynamic Air* concerns a motion for summary judgment, not a motion

to dismiss, and the court even emphasized that it was a defendant's burden to

"show that an otherwise defamatory statement was made in good faith by a speaker

12

who had an interest or duty with respect to the subject matter to a person having a corresponding interest or duty." *Id.* at *13. This opinion does not support Jackson Lewis's upside-down argument that Dr. Egbujo bears the burden at the pleading stage of disproving good faith or a privilege. Even if it did support that argument, the privilege still would not apply to the non-client third parties alleged in the Amended Complaint.

Jackson Lewis argues that Dr. Egbujo "does not allege that the investigation report was 'published excessively, i.e., that it was made to persons with an insufficient interest in it for it to warrant protection.'" Doc. No. 83 at 20 (citing *Gruss v. Zwirn*, 276 F.R.D. 115 (S.D.N.Y. 2011)). Yet *Gruss* concerns a motion to compel production of documents, not a motion to dismiss a complaint. And once again, this does not support Jackson Lewis's upside-down argument that Dr. Egbujo bears the burden at the pleading stage of disproving a privilege. Even if it did support that argument, the privilege still would not apply to the non-client third parties alleged in the Amended Complaint.

Perhaps aware of how wrong this factual argument is for purposes of a motion to dismiss Jackson Lewis ends by noting that an affirmative defense such as a privilege can justify dismissal if the necessary facts appear on the face of the pleading. Doc. No. 83 at 20. Yet Jackson Lewis has not identified such necessary facts in the Amended Complaint satisfying the various requirements of a privilege.

13

Again, Jackson Lewis has turned the rules of pleading on their head and faulted the Amended Complaint for *not* mentioning the elements of a privilege. The Amended Complaint's silence on possible privileges means there is no basis for applying them at the dismissal stage.

None of the decisions cited in Jackson Lewis's argument support granting a dismissal of a defamation claim. *Domitz v. City of Long Beach*, 737 F. App'x 589, 590 (2d Cir. 2018) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also Pani*, 152 F.3d at 74. Jackson Lewis has offered no authority to contradict Dr. Egbujo's cited decisions, which hold that a privilege must be pleaded in an Answer rather than offered as grounds for dismissal. Initial Brief at 18 (citing *Morron v. City of Middletown*, 464 F. Supp. 2d 111, 118 (D. Conn. 2006); *Stevens v. Helming*, No. NNHCV116019393S, 2012 Conn. Super. LEXIS 438, at *8 (Feb. 10, 2012)).

## D. Jackson Lewis fails to refute that the District Court's main rationale for dismissal is mistaken and unsupported by applicable law

The foregoing points, by themselves, illustrate that the dismissal of the Amended Complaint was an error, and that Jackson Lewis has no credible argument for reaching a different conclusion. Yet even if this were not so—and the District Court's reasoning were correct based on the narrow rationale it used in fixating on the relationship between Jackson Lewis and the Hospital—reversal

14

would still be necessary because there is no Connecticut authority holding that an attorney and a client are to be treated as a single entity for purposes of a defamation claim.

Jackson Lewis supplies no such binding authority but argues that the District Court had discretion to apply Florida precedent to a Connecticut case and dispose of it without an examination of the merits. Doc. No. 83 at 6-8. This argument itself rests on inapplicable authority cited by Jackson Lewis. Doc. No. 83 at 7, 8 n.2. One such authority is (yet again) *Cweklinsky*, 267 Conn. 210 (2004), which is a decision from the Connecticut Supreme Court rather than a federal court; which does not discuss the supposed ability of a federal court to assume the role of the Connecticut Supreme Court or to apply foreign jurisprudence; and which does not hold that a plaintiff must be treated as the same person as his attorney. The other Jackson Lewis authority is *Mujo v. Jani-King Int'l*, 13 F.4th 204 (2021), where this Court noted that certification of legal questions to the state supreme court is often necessary to resolve questions of state law, but that there was no need for certification because the question was not relevant here under review. To the extent *Mujo* is relevant at all, it suggests that the District Court should have certified a question to the Connecticut Supreme Court rather than jump the gun and speculate how that court would resolve the legal question here.

As Dr. Egbujo explained, "In a diversity case, a federal court's proper function is to apply the law of the state in which it sits, not create that law." *Kopperl v. Bain*, No. 3:09-CV-1754 (CSH), 2010 U.S. Dist. LEXIS 89195, at *18 (D. Conn. Aug. 30, 2010). Initial Brief at 20. The District Court overstepped its bounds and applied the law of a state other than the one in which the District Court sits.

## CONCLUSION

The District Court's Order dismissing the Amended Complaint is erroneous, not only because the District Court ignored several grounds for denying dismissal, but also because the District Court's stated ground does not justify dismissal. Jackson Lewis has offered no argument or authority to support a contrary conclusion. This Court should reverse the Order of Dismissal and remand with instructions to allow Dr. Egbujo to proceed with his claim.

Dated: July 21, 2023

By   /s/ *Clifford S. Thier*
Clifford S. Thier, Esq.
Thier Law Offices, LLC
1007 Farmington Avenue
West Hartford, CT 06107
Juris Number 428864
Tel.   860-236-2600
Fax:  860-231-1052
cliffthier@thierlaw.com
*Attorney for Plaintiff-Appellant*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

This Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 4,240 words as measured by the word-count function of Microsoft Word. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally faced space using Microsoft Word with 14 characters per inch in Times New Roman font.

_____
/s/Clifford S. Thier, Esq.
Attorney for Appellant